## CRAM vs. *The* BANGOR HOUSE PROPRIETARY.

Where A. and others, *as directors of a proprietary,* acting within the scope of their authority, contracted with one, under *their own seals,* to pay him a stipulated price for certain materials to be furnished by him, it was holden that when furnished, he might maintain *assumpsit* against the *proprietary* for the price.

Where the directors of a corporation have power to bind it by their contracts, that power may be exercised by a *majority.*

It is not necessary that all the doings of such directors should be entered on their records; but the corporation will be bound by any verbal order or direction, in which a majority of such directors concurred, in relation to any business deputed to them.

A provision in the act incorporating certain individuals for the purpose of erecting a house for public accommodation, admitting the members as witnesses in all cases in which said corporation should be a party, was held not to be clearly a violation of the constitution.

This objection could not be made, however, by one named in the act of incorporation, and who subsequently expressed his assent by taking stock.

THIS was an action of *assumpsit,* brought in the name of the plaintiff for the benefit of his assignees, for goods sold and delivered according to an account annexed, which was for a quantity of glass, amounting to $1136,31.

The defendants introduced the clerk of the proprietary, and certain others who were members thereof and directors, for the purpose of proving that the glass was received by the company towards the assessments of the plaintiff, who was then also a member, and at his special request in writing. The admission of these witnesses was objected to by the plaintiff, but as the act of incorporation expressly authorised the admission of members as witnesses, in all cases in which the corporation should be a party, the presiding Judge permitted them to testify.

No record was shown of any vote of the directors of the proprietary, acceding to the proposition of the plaintiff to permit the glass, furnished by him, to go in payment of his assessments.

The plaintiff objected to the evidence of the acts of the directors or corporation, except by vote duly passed and recorded. But the Judge instructed the jury that no formal vote, accepting the proposition of *Cram,* was necessary to be passed by the directors, and recorded. That if they believed the witnesses, the

proposition was accepted by the directors, and bound the corporation as effectually as if formally passed by them altogether and recorded; and that the notice given to *Cram* by *Mr. Rawson,* the clerk, was sufficient. That an acceptance of *Cram's* proposition in this matter, by the directors, might legally be inferred from the acts proved.

The defendants further exhibited in defence, a contract between the plaintiff, and *a majority* of the directors of said proprietary, under *their own seals,* but professing to act in said capacity, by which the former agreed to furnish all the glass that should be wanted for the public house, then being erected by the defendants, and for which the directors agreed to pay a stipulated price. The defendants contended, that if the glass was delivered under this contract, *assumpsit* would not lie against them, and so the Court instructed the jury. It appeared that the plaintiff was one of those named in the act of incorporation, and subsequently subscribed for stock.

The jury returned a verdict for the defendants, which was to be set aside and a new trial granted, if the ruling and directions of the presiding Judge were erroneous.

*Kent,* for the plaintiff.

The plaintiff could not maintain an action against these defendants, upon the covenants of the special contract, because it did not bear the *corporate seal.* This is the only way in which a corporation can *covenant.* And where the private seals of the directors or individuals are used, *indebitatus assumpsit* will lie against the corporation. *Bank of Columbia* v. *Patterson,* 7 *Cranch,* 299; *Randell* v. *Van Vechten,* 19 *Johns. Rep.* 65; *Tippets* v. *Walker,* 4 *Mass.* 597. These authorities also go to show, that no action in this case could have been maintained against the directors.

2. The informal acceptance of *Cram's* proposition did not bind him. A corporation can only contract by vote. And although a sole agent may have power to bind the corporation by his verbal contracts, it is otherwise, where there is a board of directors. There they must vote, and make a record of their votes. 2 *Kent's Com.* 290; 8 *Wheat.* 357. The acceptance of the plain-

tiff's offer should at least have been in writing, as the offer was thus made, that he might have evidence by which to charge the corporation.

3. The directors had no authority to make this contract with the plaintiff; and as the defendants were not bound, there was no mutuality in the contract, and so not binding on either. *Essex Turnpike* v. *Collins,* 8 *Mass.* 292.

4. The provision in the act of incorporation making the members of the corporation witnesses, is unconstitutional and void. It is in contravention of the principle of equal and impartial laws, as it dispenses with a *general law* in favor of a *particular individual or corporation.* By the established law of the land, every party is excluded from being a witness. *Fox* v. *Whitney,* 16 *Mass.* 118. But the individual members of this corporation are the parties. *Bank of U. S.* v. *Deveaux & als.* 5 *Cranch,* 61.

There are many cases where persons interested, have been admitted as witnesses. But in those cases the law was *general,* and applied to all the citizens falling within a particular class. Here it is in favor of a particular corporation, and for that cause is void. 5 *Cranch,* 61; *Lewis & al.* v. *Webb,* 3 *Greenl.* 326; *Durham* v. *Lewiston,* 4 *Greenl.* 140; *Lunt's Case,* 6 *Greenl.* 412; *Piquet, Appellant, &c.* 5 *Pick.* 65; *Portland Bank* v. *Apthorpe,* 12 *Mass.* 252.

*F. Allen,* for the defendants.

1. No formal vote was necessary to accept the plaintiff's proposition. Corporations may act by parol. *Proprietors of Canal Bridge* v. *Gordan,* 1 *Pick.* 297.

2. The instructions of the Court, that assumpsit would not lie where there was a contract *under seal,* was correct. But at all events, the Court will not order a new trial where they see that substantial justice has been done.

3. The directors were rightly admitted as witnesses. The act expressly authorised it. And it is not competent for the plaintiff to say it was unconstitutional, he being one of the original corporators, and having also expressed his assent to it by subscribing for stock in the company. Besides, when he contracted with the company, he knew that the members could be witnesses. But

the law is not unsconstitutional. There is nothing extraordinary in provisions of this kind. It is so with regard to towns and parishes. If it be a peculiar privilege, so every corporation has some peculiar privilege annexed to it, otherwise there would be no inducement to be incorporated.

WESTON C. J. delivered the opinion of the Court.

The object of this proprietary was, the erection of a convenient building, with suitable accommodations for travellers. They confided their business to a board of directors. This board contracted with the plaintiff to furnish, upon certain stipulated terms, the glass necessary for the house. It was a contract directly in aid of the purposes, for which the corporation was created, and clearly within the authority of the directors. The contract is not in terms made with the proprietary, but with the agents, who represented them. The directors, who are individually named, covenant to pay to the plaintiff the price agreed, at the time limited. And they affix to the contract their names and their several seals. It is not under the seal of the corporation; and is therefore not their deed. *Tippets* v. *Walker et al. 4 Mass.* 595. It is objected that the parties, having respectively contracted by deed, there is no promise on either side, express or implied, which will support an action of assumpsit; and that the plaintiff's only remedy is by an action of covenant broken. The first inquiry arising in the case is, whether the plaintiff has any claim upon the defendants; and if so, secondly, by what form of action it may lawfully be enforced. There can be no doubt but the defendants would be liable, but for the express contract made with the directors.

In the *Bank of Columbia* v. *Patterson,* 7 *Cranch,* 299, one of the points considered was, whether the bank could be bound by a contract not made by the corporation, but by their committee, acting in their own names, who had personally and expressly agreed to pay the stipulated price. And it being a contract made for the benefit of the corporation, and the committee having authority to make it, it was holden that the corporation were bound. *Story J.,* by whom the opinion of the court was delivered, states that, " it would seem to be a sound rule of law, that wherever a

corporation is acting within the scope of the legitimate purposes of its institution, all parol contracts, made by its authorized agents, are express promises of the corporation." It is a parol contract, which thus creates and is evidence of a promise; for if the agent has authority to contract by deed, and does so in the name, and affixes the seal of his principal, it is the covenant and not the promise of the latter. But suppose the agent, clothed with power to contract by a corporation, affixes to the instrument his own name and seal, and not theirs, although it is not the deed of the corporation, yet if it would bind them as an agreement, if it were not under seal, there is no reason for its ceasing to bind them, the agent's seal being affixed thereto, except what is purely technical. The agent has superadded a more solemn authentication, which usually converts it into an instrument of a higher character. But as the corporation cannot be affected by this additional quality, it not being their deed, shall it cease to be evidence of their agreement? They authorized it, their agent made it, and if he added formalities, which were useless and inoperative, they may be disregarded, and the corporation stand charged, as if they had been omitted. A covenant is a promise, and something more. It is a promise under seal. If the seal affixed, is not that of the party, who substantially makes the promise, and who is to be charged by it, the promise remains, and is not changed into a contract of a higher nature.

*Randall* v. *Van Vechten et al.* 19 *Johns.* 60, is an authority directly in point. An authorized committee of the corporation of the city of *Albany*, setting forth their appointment and power, entered into a contract for the benefit of the corporation, and for corporate purposes, and signed thereto their names, and affixed their individual seals, covenanting to make certain payments and advances to the other contracting party. Upon covenant broken, against the individual members of the committee, the court decided that they were not holden, but that the corporation was; and as they could not be charged in covenant, it not being their deed, that they were liable in assumpsit. And the authority of the committee being conceded, they held the instrument executed by them, evidence of a promise by the corporation, disregarding the seals. In deducing the power of the committee, they refer

to certain acts of recognition, on the part of the corporation.   No such evidence is necessary here, where the agency exercised results from their office and character as directors.   In *Tippets* v. *Walker et al.* before cited, where a committee of the directors of the *Middlesex Turnpike Corporation* were held liable upon their covenant, in regard to corporate objects, one reason assigned by the court was, that the directors, who were the immediate agents of the corporation, had no right to contract by the substitution of other agents, from which a strong implication arises, that it might have been otherwise holden, if the contract had been made by the directors.   It is a doctrine, well settled at the present day, that a corporation may contract by vote, or by agents ; and the old rule, that they could do so only by their corporate seal has been exploded.   The authorities upon this point are cited and examined in the case of the *Columbia Bank* v. *Patterson.*

It being the opinion of the Court, that the defendants might be charged in assumpsit, for the glass delivered under the contract with the directors, and the jury having been otherwise instructed, a new trial is granted upon this ground.

As the other questions presented may again arise, we have considered them.   It is insisted that a majority of the directors could not bind the corporation.   But we cannot regard the presence and concurrence of all essential to the validity of their acts.   It would be nearly impracticable for them to fulfill the objects of their appointment, under such a restriction.   It would so clog and retard their operations in the business, with which they may be daily and hourly charged, as to defeat the beneficial exercise of their powers.   So universal is the the usage, for a majority of the directors of banks, insurance companies, and other corporations of this description, to act for the whole, that a power to do so may by general consent, be understood to be implied by their appointment.   Nor do we hold it to be necessary, that every direction of theirs, within the scope of their authority, should be recorded by their clerk.   In purchasing materials, in giving directions to workmen, and in many of the multiplied details of the business confided to them, it would be a formality more burdensome than useful.   It may be left to them, or to the corporation to prescribe what part of their doings shall be entered on their re-

cords.   We doubt not that the corporation are bound by any verbal order or direction, in which a majority of the board concurred, in relation to any business deputed to them.

An argument has been urged against the constitutionality of that provision in the act incorporating the defendants, which admits a member as a witness, where the corporation is concerned, notwithstanding his corporate interest.   A privilege is thus given to these defendants, which has not before been conferred on corporations of this class.   It is a law for all the citizens, who may litigate with this corporation ; and is not made to apply to a particular case.   Yet it does give them an advantage, not enjoyed by the adverse party.   The same right has been given by a general law, to the inhabitants of counties, towns, and parishes. There the general law, which excludes interested witnesses as incompetent, is partially modified.   But as all the citizens sustain these relations, all being inhabitants of counties, and most of towns and parishes, the law bears equally and generally.

The law under consideration, establishes the competency of the witness, but the objection remains to his credibility, which is to be submitted to the jury.   And this may be a sufficient protection to the party to be affected.   Every immunity conferred on a corporation, is in the nature of an exclusive privilege, as is the corporate character itself.   The law operates upon all, who may have legal controversies with this corporation, as well upon those who enacted it, as others.   It cannot be disguised, however, that it approaches near to that interference with the judicial tribunals in particular cases, which does not belong to the legislative power ; although we are not prepared to say that it transcends the line, which separates the two departments.

In the case before us, the plaintiff was one of those in whose favor the act passed ; he being named therein as a corporator. He further manifested his assent, by becoming a subscriber to shares in their stock.   Upon these facts, we are of opinion that it is not competent for him to object to the operation of a law, the passage of which he must be presumed to have solicited, and which he subsequently accepted.   The objection of interest may always be waived by the party to be affected.   But it is insisted that the rights of a third party, the assignees of the plaintiff are

in controversy. They succeeded to his rights, such as they were, at the time of the assignment. If, therefore, matter of off-set, or of payment, could at that time be made out by competent proof against the plaintiff, he ought not to be permitted by his own act, to place the defendants in any worse situation. Nor is this demanded for the protection of the equitable claims of the assignees.

*New trial granted.*