## POWESHEIK COUNTY V. STANLEY, AND THE SAME V. ROSS.

1. EVIDENCE. In an action by a county, on the official bond of an agent appointed by the county judge, in accordance with the provisions of an act for the suppression of intemperance, approved January 22, 1855, warrants issued to him by the county judge are admissible in evidence for the purpose of charging him with the value thereof, only after it has been shown by his admissions, or otherwise, that they were delivered to him, or that he received the proceeds thereof.

2. SAME. A memorandum by the treasurer of the county, showing that certain warrants offered in evidence were presented by such agent, is not admissible in evidence in such an action, until the proper foundation has been laid for the the introduction of secondary evidence.

3. SETTLEMENT BY A COUNTY JUDGE. The provisions of the act for the suppression of intemperance approved January 22, 1855, authorized the county judge to require of the agent appointed thereunder, a report of his transactions as agent, in writing and under oath; but a settlement made by the county judge in his official capacity with such agent, without such report is valid, and binding upon the county, unless impeached for fraud or mistake.

4. EVIDENCE OF APPOINTMENT. Parol evidence may be admitted to show the appointment of an agent by a county judge, after it has been shown by the evidence of the judge who made the appointment, that no record entry of such appointment was made.

5. DEMAND. No action can be maintained by a county on the bond of an agent appointed under the provisions of an act for the suppression of intemperance, approved January 22, 1855, until after a demand requiring the agent to account and pay over the balance remaining in his hands.

6. SAME. In an action on such a bond it is necessary to allege and prove such a demand.

7. SAME: REPORT. The agent is required by the provisions of said act to report without a demand, and for a failure to make such a report, he is liable.

*Appeals from Powesheik District Court.*

TUESDAY, NOVEMBER 1.

Two suits, each on bonds given by defendants, severally as the agents of Powesheik county, for the sale of intoxicating liquors.

The breaches assigned are the failure and refusal of the

defendants to keep, and render accurate accounts of all liquors purchased and sold by them as such agents; the failure to account with the county judge regarding all their dealings as such agents, and the failure to pay over, when required by the county judge the proceeds of their sales to the county treasurer.

The defendants answered denying the allegations of the petition, and averring they had fully paid and accounted for all moneys, liquors and property of said county in the hands of the defendants, Stanley and Ross.

On these answers issues were joined; on the trials exceptions were taken by defendants to the admission of certain testimony offered by plaintiff, and also to certain instructions given by the court to the juries, and to the refusal of the court to give the instruction asked by the defendants. Verdicts for the plaintiff. Motions for new trials were overruled, and judgments was rendered on the verdicts. The defendants appeal. The facts peculiar to each case are presented in the opinion of the court.

*Wm. Loughridge,* for the appellants.

*Wm. H. Seevers* and *W. E. Cutts,* for the appellee.

OPINION IN POWESHEIK COUNTY v. STANLEY.

STOCKTON, J.—The right of the defendants to assign for error the judgment of the court sustaining the demur to their answer in which a settlement with the county judge is pleaded, was waived by their amended answer subsequently filed, in which the same matter is pleaded in another form.

To authorize the plaintiff to give in evidence the cancelled warrants issued in the name of defendant Stanley, as payee, it was necessary to be first shown that they were actually received by the defendant from the county judge, or that he received the money on them. It was not enough that the warrants were payable to the order of Stanley; nor that it was expressed on their face that they were issued to him for

the purpose of buying liquors for the county agency; nor
that the same orders were afterwards paid at the county
treasury. Something more was necessary to connect the
defendant Stanley with the transaction. It must be shown
that the warrants were received by him, or went to his use.
It was in the power of the plaintiff to show that the war-
rants when issued were delivered to the defendant Stanley,
or that he received the money on them; and without such
evidence the defendants are not chargeable. The warrants
though drawn in favor of Stanley as payee, may have been
received by some other person, and the money drawn from
the county treasury without his knowledge or consent. The
memorandum kept by the county treasurer was not compe-
tent evidence to show that the money was paid by him to
Stanley; at least not until the basis was laid for the intro-
duction of such secondary evidence. The ruling of the
court upon the admissibility of the cancelled warrants was
erroneous.

The payment of the county warrant to Bronson & Co., for
liquors furnished to the agency, was shown by the testimony
of the county judge, to have been made with the consent of
Stanley; and we think this warrant was properly admitted
in evidence for the purpose of charging defendants with the
amount thereof, as so much money received by Stanley from
the county treasury for the purpose of his agency.

The defendants claimed the benefit of a settlement alleged
to have been made between the county judge and Stanley,
whereby it is averred that the latter was found indebted to
the county in the sum of thirty dollars. The court charged
the jury that no accounting or settlement between Stanley,
as agent, and the county judge, relating to the matters of
the agency for the sale of liquors, was legal or binding
unless made upon the written report of such agent to the
county judge, verified by his oath—of all his purchases and
the costs thereof; and of all his sales and the proceeds
thereof, specifying the number of his sales, the respective

kinds and qualities sold; and the quantity, kind, and cost of all liquors remaining on hand. The court further charged: That before any settlement made by Stanley with the county judge will be binding on the county, it must be shown that defendant made a full exhibit of all matters pertaining to his agency, and verified the same by his oath.

This ruling of the court was erroneous. The statute was without doubt intended to provide for a strict accountability on the part of county agents. It authorizes the county judge to call the agent to account at any time; to require him to exhibit his accounts, books, bills, receipts and papers of every kind, relating to his agency, and to pay over to the county treasurer the moneys in his hands at his discretion; and upon the expiration of his term, or upon his removal from office, his written report is required to be made on oath, and filed in the office of the county judge. Although the county judge may refuse to make a settlement with the agent until his report is made and verified; yet there is nothing in the law to prevent him from making a settlement, or to prevent the settlement from being valid, without such report. As the general agent and accounting officer of the county he takes the management of all county business, and is to audit and settle the accounts of all persons intrusted with the receipt or disbursement of county funds, or having charge of its property. Code, section 106. A settlement made by him with the county agent, is as valid as any settlement made and agreed upon between individuals relating to their private affairs, and must be considered conclusive until impeached for fraud or mistake.

To be binding upon the county, it must be shown that the settlement was made by the county judge in his official capacity. Whether it should not be in writing also, and entered of record by the county judge upon the county records, it is not now necessary to decide, as no such question was made in the District Court.

The other objections taken by the defendants do not strike

us as being of any weight.   For the errors above noticed the judgment will be reversed.

Judgment reversed.

OPINION IN POWESHEIK COUNTY V. ROSS.

STOCKTON, J.—It was objected by defendants on the trial, that the evidence of the appointment of the defendant Ross, as agent of the county for the sale of intoxicating liquors, should have been by the record entry of his appointment by the county judge.   This would undoubtedly have been the highest and best evidence of his appointment; but as it was shown by the testimony of the county judge that no record entry of the appointment of Ross as county agent was made, it was sufficient to show his appointment by parol testimony; that he gave the bond required, and acted in that capacity.

In order to show that the defendant had received money from the county as liquor agent, the plaintiff gave evidence that the county warrants had been issued to defendant for the purchase of liquors for the agency, the payment of said warrants from the county treasury, and the admission of Ross that he had received the money for said purpose.   We think that this testimony, different from that in the case of *Powesheik County* v. *Stanley, supra,* was sufficient to charge the defendants with the amount of the warrants, as so much money received by Ross for the purpose of his agency.

The defendant showed that about the time of the expiration of his term of office, he and the county judge met together; that defendant exhibited to him his books, accounts, vouchers and papers, and an accounting was then and there had between them as to the matters of defendant's agency; and that on such accounting, the amount of indebtedness from Ross to the county by reason thereof was agreed upon and settled, as well as the amount of liquors on hand; which liquors had been subsequently delivered over to the agent of the county.

The court charged the jury that to make any accounting

or settlement between the county judge and the county agent binding, or a defence to the action, it must be shown that Ross did at the request of the county judge account with him regarding all his dealings as agent, and exhibit to him all receipts, bills, books and papers, of every description, relating to his dealings or to his accounts; or that such agent did at the termination of his agency, make a written report to the county judge, verified by his oath, of his sales and the proceeds thereof, and the quantity, kind, and cost of all liquors remaining on hand at the time of making such report. That a settlement made on this report, and no other would be binding on the county, or a defense to this action.

We have no doubt but that in this ruling of the District Court there was error. The county judge might well have declined to enter into any accounting or making any settlement with the liquor agent, except upon an exhibition of all his books, accounts, and vouchers, or except on a written report by him as provided for in the third section of the "Act for the suppression of intemperance," approved January 22d, 1855, verified by his oath. But if the county judge chooses to make a settlement with the agent without any production of his books and papers, or without any report from him verified by his oath, there is no good reason why such settlement should not be binding upon both parties, unless impeached for mistake or fraud. We think the correct view of the power of the county judge is taken in the case of *Campbell* v. *Polk county*, 3 Iowa 473.

It is necessary at times to regard the county judge as an agent only, or as we would regard any other man transacting business; and a settlement by him with one having the care and disbursement of county funds, or the control of county property, is to be regarded in the same light as a settlement made by any other person. When the settlement is proved by competent evidence, and shown to have been made by the county judge in his official capacity, it is to be regarded as final and binding, and a good defence in the action.

The defendant asked the court to charge the jury that suit could not be brought against the defendant Ross as county agent, for failing to pay over money in his hands as agent, unless it is shown that payment has been demanded, or said agent has been ordered to pay the same into the treasury. The court charged the jury that if the agent went out of office without making a sworn report, as required by law, and no settlement was made with the county judge before the expiration of his official term, by which the amount in his hands was ascertained, no demand upon the agent was necessary before the commencement of the suit. The agent when required by the county judge, is to account with him regarding all his dealings, exhibiting all his books and papers (section 3,)—and when required is to pay over the proceeds of his sales to the county treasurer. He is only to account with the county judge and to pay over the moneys in his hands when required thereto by the county judge. If there is no averment in the petition of a demand on the agent to account for or pay over the money in his hands, the petition is defective; and if there is no demand upon the agent to render an account, or pay over the money in his hands, there is no breach of the condition of his bond, and no action against him can be maintained. He is only to do these acts when required. He is to render his report, verified by his oath, without any demand, and as soon as his term of office has expired. For a failure to render such report, he is liable to an action without any demand.

Judgment reversed.