## Isaac Wixom et al. v. John Stephens et al.

*Judgment: Merger of demand.* A judgment which is ineffectual, by reason of a-mistake in the name of one of the plaintiffs, will not preclude them from bring-ing a new suit to recover upon the original demand. A debt is not merged in a judgment until a valid judgment has been obtained upon it.

*Adjournment of examination to another town: Depositions: Practice.* The practice of adjourning the examination of witnesses, by the commissioner, to another town from that designated for the purpose, without the consent of parties, is of questionable propriety, and not to be encouraged.

Where, however, a party did not attend at the time and place designated by his adversary for the taking of testimony, and the commissioner, owing to the absence of one of the witnesses, adjourned the examination to another day and another place, within the county, and, on such adjourned day, proceeded to take the testimony, it was held that, if the party had in any way been injured by the adjournment, his remedy was to apply to the court, on proper showing, to suppress the depositions; and an objection made at the trial to their being read, was properly overruled.

*Heard January 6th.    Decided January 11th.*

Error to Genessee Circuit.

This was an action of assumpsit upon a promissory note.

The pleadings and the facts of the case are stated in the opinion.

Judgment was rendered for plaintiff below.

*J. L. Topping,* for plaintiffs in error.

1. The Justice, F. LaRue, before whom the suit was originally commenced, had jurisdiction of the case, and the plaintiffs appeared by their attorneys. The note having been given in the firm name of Stephens & Beatty, there was nothing in the process or pleadings in the case to notify the defendant, Isaac Wixom, Jr. or his attorney, that the suit was not commenced in the true name of the plaintiffs. The plaintiffs are estopped from setting up or proving the mistake.

The note was merged in the judgment as to Isaac Wixom, Jr.—*2 C. L. § 3782; 4 Mich. 316; 4 Comst. 62.*

The note being merged as to Isaac Wixom, Jr., no action could be maintained against him severally, except on the judgment, and no action can be maintained against him and Isaac Wixom, on the note, except by the same parties who recovered the first judgment. If the note is not merged as to all the parties by the judgment in Justice Court the negotiability of the note is destroyed thereby.

The judgment became a judgment of the Circuit Court of Ingham County, after filing transcript and docketing of the same.—*2 C. L.* § *3788.*

When a court has jurisdiction its proceedings can not be impeached collaterally; nor when of record can there be any proof in opposition to the record.— *1 Doug. Mich. 390; 1 Greenlf. Ev.* § *19.*

A can not maintain a suit in his own name on a judgment in favor of B, even though it be averred and proved that the judgment was rendered in A's favor by the name of B by mistake.— *13 Mich. 40.*

2. The taking of evidence by deposition is in contravention of the common law, and the statute must be strictly complied with.

If an adjournment of the time of taking a deposition is made by the person authorized to take the same, reasonable notice thereof must be given to the parties by him in case the parties do not appear.— *31 Vt. 529.*

It is irregular in taking depositions to adjourn from the place where the adverse party has been served with notice to attend, to another place in the absence of such party. *20 N. H. 379.*

Objections may be made at the trial to depositions when notice of filing of the same with the clerk has not been given by the party taking the same.— *4 Mich. 554.*

The depositions being irregular there is no evidence to support the judgment.

*T. G. Smith,* for defendants in error.

1. The judgment recovered before F. LaRue, Esq. if void as to the defendants in error, by reason of the misnomer in Stephen's name, could not be relied on as a bar to an action on the note.— *13 Mich. 40, 43.*

Either the judgment is good, in which case it is a good ground for recovery, or it is void, in which event it leaves

the right to recover on the note complete. The two counts of the declaration, that on the judgment and on the note, being distinct and independent, setting up the judgment can not affect the right to recover on the note.

2. Isaac Wixom not having been personally served with the summons in the Ingham county suit, and not having appeared therein, that judgment, even though valid, does not merge the note; but the right to recover on the original cause of action in such cases is well settled. — *4 Comst. 514; 9 Mich. 371–379.*

3. The objection to receiving the depositions of Longyear and Carpenter in evidence, is purely formal and technical. No objection is made to the *bona fides* of its execution. Plaintiffs in error do not claim to have been misled or injured by want of notice of the adjournment. The commissioner remained at the place appointed two hours after the time first fixed, where it was their duty to appear, if they desired to attend the examination. But their failure to then appear shows they did not desire to attend. — *9 Shepley, 357.*

The statute neither forbids an adjournment nor requires notice to be given of it, nor is such the practice in proceedings of this nature, nor in any other proceedings, when notice has been first duly given of a hearing.

If the commissioner could not make this adjournment, he could not have adjourned the examination over night, after he had commenced, in order to complete it, without new notice.

The attorney for plaintiffs in error had verbal notice of the filing of such depositions, more than three months before the trial.

COOLEY CH. J.

Stephens and Beatty brought suit in the court below against the Wixoms, upon a promissory note made by them

and payable to the order of the plaintiffs. The declaration was upon the common counts, with a copy of this note attached, and it also contained a special count setting forth that the plaintiffs, by the name of James Stephens and James Beatty, had recovered judgment on this note against the defendants, before a Justice of the Peace, which judgment still remained unsatisfied and in force. The count, however, showed that only one of the defendants was served with process in the suit before the Justice.

On the trial in the court below, the defendants objected to the admission of evidence of this judgment on the ground that it was between other parties than the parties to this cause, and was therefore irrelevant; but the court received it, and allowed it, against the objection of defendants, to be followed up with evidence that the suit before the Justice was commenced in the name of *James* Stephens and James Beatty, instead of *John* Stephens and James Beatty, by mistake.

The position assumed by the defendants was, that the note was merged in the judgment rendered upon it, and, therefore, could not again be the subject of suit, and, at the same time, that it was not competent for the plaintiffs to have the benefit of the judgment by proving that it was intended to be rendered in their favor. In effect, the defendants claimed that the justice's judgment was void, but that, nevertheless, it had the effect to merge the demand upon which it was rendered.

We are of opinion that no error was committed by the court in its ruling. If, by reason of the mistake, the judgment rendered by the justice was not valid, so that the plaintiffs could enforce it, then it would seem that it could not constitute a bar to a new suit on the note. The bar in such a case springs from the party having already obtained a higher security; and where he has got no new security, his remedy upon the original demand is not taken away. This was the view of the Circuit Judge, who held

that the plaintiffs could not recover upon the justice's judgment, but might have judgment upon the note.

The only other error which is alleged in the case arises upon the admission in evidence of certain depositions taken on notice before a Circuit Court Commissioner. The notice was for the taking of the depositions at the office of H. D. Carpenter, at Lansing, on September 26, 1867, at 11 o'clock A. M. It appears that the commissioner attended at that time and place for the purpose of taking the depositions, but that neither of the defendants appeared, and that on account of the absence of one of the witnesses, after waiting two hours, the commissioner adjourned the taking of the testimony to his own office, in Mason, on the 2d day of October, 1867, at 1 o'clock P. M., at which time the depositions were taken. The defendants did not appear on the adjourned day, nor did they make any motion to suppress the depositions, nor does it appear that they ever, at any time, appeared at the place first fixed for the taking of the testimony, in order to take part in the examination.

The propriety of the commissioner in any case adjourning such an examination to a different town from that fixed in the notice, is so questionable that we are not disposed to lay down any rule that shall encourage such a practice. Neither, on the other hand, do we think that parties who have been regularly served with notice are to be encouraged to remain away from the examination and watch for technical errors to be taken advantage of afterwards. Undoubtedly the party notified in such a case has a right to appear and participate in the proceeding at any time before it is fully closed; and if the defendants had shown in this case, that they went to Mr. Carpenter's office for that purpose, even after the expiration of two hours, especially if the adjournment was not brought home to their knowledge in time for them to appear at the place of adjournment, it would have been competent and proper, we think, for the Circuit Court, on motion, to suppress the

depositions. No such motion, however, was made, and there is nothing in the case from which we can infer that the defendants were in any way wronged by the adjournment. It was unquestionably made by the commissioner in good faith, and as it was only to his own office at the county seat, there was nothing about it which can be regarded as particularly unreasonable, or likely to result injuriously to the defendants. The commissioner had reason to believe, after waiting two hours, that the defendants did not mean to attend, and if, after that, he consulted his own convenience in the taking of the testimony, the defendants ought to have shown the court how they were injured before they could be heard to complain.

We think, under the circumstances of this case, the judgment should be affirmed.

The other Justices concurred.