## SCOTT v. LUTHER.

1. **Estoppel:** FOREIGN JUDGMENT. Where a foreign judgment had been in effect declared void in an action thereon, the judgment debtor was *held* to be estopped from asserting its validity as a defense in an action on the note which was the basis of the judgment.

2. ———: PLEADING: EVIDENCE. It was not necessary for the plaintiff to reply setting up the facts constituting the estoppel when they appeared affirmatively from the answer, nor was it necessary for him to introduce evidence to establish such facts.

*Appeal from Cherokee Circuit Court.*

MONDAY, OCTOBER 23.

THIS action is upon a promissory note. In addition to the ordinary allegations of a petition on a note, it is averred that the note was executed and delivered in the State of Pennsylvania, and, it being what is denominated a judgment note, plaintiff took judgment thereon *in rem*, in that state, without any service of summons or notice on defendant; that she afterward commenced a suit on said judgment in the Cherokee Circuit Court, and declared thereon as a personal judgment; that upon the trial of said cause the Circuit Court found said judgment to be but a judgment *in rem*, and dismissed plaintiff's suit, and that she is not thereby barred or estopped from prosecuting this suit on the note. The answer denies

the execution of the note, and as a distinct defense sets up the Pennsylvania judgment, alleging that it is valid, and that the note is merged in the judgment, and that plaintiff is estopped from prosecuting her suit on the note. As a further defense, it is alleged that the former suit on the judgment in the Cherokee Circuit Court was tried on its merits to a jury on the issues joined in the pleadings, and a verdict and judgment rendered for the defendant, and that this is an estoppel and bars the present action.

There was trial of this cause to a jury, a verdict and judgment for the plaintiff, and defendant appeals.

*Eugene Cowles*, for appellant.

*Joy & Wright* and *Kellogg & Lewis*, for appellee.

ROTHROCK, J.—I. There seems to have been a contest on the question made as to the execution of the note. The record does not contain the evidence on this branch of the case, and that question is, therefore, not properly here for consideration. There is an objection made to one of the instructions to the jury on this question, but, as we do not have the evidence, we are unable to determine whether there was any prejudicial error in the instruction of which complaint is made.

II. The answer of defendant exhibits the record of the Pennsylvania judgment, and also the whole record of the suit on that judgment in the Cherokee Circuit Court, and makes these records a part of the answer herein. By these it appears affirmatively that, when the action was brought on the judgment, the defendant pleaded that no suit could be maintained on it, for the reason that the said judgment was rendered without the service of any notice on the defendant. A jury was empaneled and the trial proceeded, and the defendant objected to the introduction of the exemplification of the record for the reason, among others, that it was not a personal judgment. The court sustained these objections and the result was that a verdict for the defendant necessarily followed.

The case was determined on the theory, urged by defendant, that the court in the State of Pennsylvania did not have jurisdiction of his person, and that the judgment was therefore void.

It must be remembered that this affirmatively appears from the answer of the defendant and his exhibits in this case. He also claims by his answer herein that the Pennsylvania judgment is valid, and that the note is merged in the judgment, and that no action can be maintained thereon. The court below refused to allow the statutes of Pennsylvania to be introduced in evidence, which defendant sought to do for the purpose of proving that the judgment was valid. The defendant then offered to amend his answer and plead the statute; this was refused.

In our judgment there was no error in this action of the court. Such an amendment and such proof would have shown
1. ESTOPPEL: that the judgment was valid, but we think this
foreign judg-
ment.       would not have aided the defendant. In the attitude of the case in the court below, it was not material whether the Pennsylvania judgment was valid or void. The defendant had procured a judgment in this State, in a case between himself and the plaintiff, which in effect declared it void, and we think he should be estopped from now showing that it is valid.

Each party in this case is claiming that the other should be estopped. The defendant claims that plaintiff should be estopped for the reason that there has been a judgment against her on the Pennsylvaria judgment, and that the note is merged in that judgment, and that matter in estoppel should be specially pleaded as such, and that under section 2665 of the Code there should have been a reply filed by the plaintiff.

The ready answer to this position is that the defendant had already, by his answer, set out all the facts showing that
2. ——: plead- he should be estopped, and it was not necessary
ing: evidence. for the plaintiff, in a reply, to reiterate them, or to plead a legal conclusion based upon the facts set out in the answer. It is said, in argument, that there was no evidence tending to prove that defendant had procured a decision of

the Cherokee Circuit Court, declaring the Pennsylvania judgment null and void. When the defendant exhibited this fact in his answer such evidence was not necessary, and it was proper for the court to treat it as a fact.

We have not examined the assignment of errors in the order in which they are presented, because the case must be determined on the ground that the defendant has placed himself in such an equivocal position that the conclusion that he should be estopped from urging the defense relied on is demanded by every consideration of justice and sound reason.

In the first defense made against this debt, and on which he succeeded, his liability on the note necessarily followed; that is, if the judgment was void the necessary conclusion must be that the note was not merged, and he was still liable thereon, and he cannot now be permitted to change front, so to speak, and escape payment of the note on the ground that the judgment is valid.

AFFIRMED.