Edward Dutton, Respondent, v. Joseph Herman, Appellant.

Kansas City Court of Appeals, May 24, 1886.

1. Judgments—Merger of Lien Into.—In order that there should be a merger of the lien into the judgment rendered upon the assertion of the lien, the judgment must be a valid one, and one that may be enforced. If, by reason of mistake, the judgment rendered is not valid, so that it could not be enforced, it could not constitute a bar to a new suit.

2. ——— Case Adjudged.—Where, as in this case, the whole record showed the judgment to have been entered against property not included in the petition or proceedings, the lien did not merge in the judgment entered by mistake, but retained its specific character, at least, until a proper judgment was entered.

Appeal from Buchanan Circuit Court, Hon. Joseph P. Grubb, Judge.

*Reversed.*

Statement of case by the court.

This is an action of replevin to recover a large lot of brick. The brick had been built into a building situated on lots three, four, five, twelve, thirteen, and fourteen, in block twenty-two, Bartlett & *Russell's* addition to the city of St. Joseph, and were purchased by defendant at sheriff's sale.

The following are the claims of the respective parties : Bartlett & Durfee were the owners of the lots aforesaid and leased them or agreed to lease them to one Theodore B. Sage and others, whom Sage claimed were connected with him, for the purpose of erecting a canning factory thereon. The terms of the lease were reduced to writing, but by some means were never consummated, and finally fell through. However, while the lease was being contracted for and discussed, which

occupied some time, Bartlett permitted Sage to take possession of the lots and begin the erection of the factory; Bartlett introduced Sage to defendant, who, in connection with Calloway, his partner, was a dealer in brick in the city of St. Joseph.

Calloway and defendant furnished the brick in controversy to Sage, for the purpose of the erection of the building. Sage became involved, and, failing to pay for the brick so furnished him, Calloway & Herman filed their mechanic's lien against the unfinished building situated on the lots aforesaid, on June 22, 1874. The lien was duly recorded, abstracted, etc., as required by the statute. Within ninety days thereafter, on July 30, 1874, Calloway & Herman brought suit against Sage, Bartlett, and Durfee to enforce their lien for $708.42; Bartlett & Durfee being owners of the lots. The petition alleged that Sage entered into possession of the lots and began the erection of the building with the consent of Bartlett & Durfee.

Judgment was render for the enforcement of this lien for the sum of $735.68, in September, 1875; but the clerk of the court by mistake in entering the judgment, described the lots as being in Bartlett & Durfee's addition, instead of Bartlett & Russell's addition, their true location.

Afterwards, at the May term, 1882, of the circuit court, on the petition of plaintiffs in the judgment, an entry *nunc pro tunc* was made, correcting the judgment, so that it would describe the lots as being in Bartlett & Russell's addition. Bartlett resisted this application, alleging he had sold the brick to an innocent purchaser. An execution was then issued on this corrected judgment, and on the sheriff's sale thereunder, defendant in this action bought the brick in the house for four hundred dollars.

The plaintiff purchased the brick from Bartlett before the *nunc pro tunc* entry and without any *actual* notice of the mechanic's lien proceeding of judgment. After

defendant's purchase from the sheriff, plaintiff replevied them from him by bringing this action. Plaintiff recovered below and defendant appeals.

DONIPHAN & REED, for the appellant.

I.   The mechanic's lien being duly filed and recorded by the circuit clerk of Buchanan county, it was *notice to all the world*. Phillips' Mech. Liens, sect. 341.

II.   This lien did not merge in the judgment. It was independent of and prior to the judgment. Phillips' Mech. Liens, sect. 446 ; *Douglas v. Zinc Co.*, 56 Mo. 400.   Even in the case of a mortgage, the lien of the mortgage is not merged in the judgment. *Riley's Adm'r v. McCord's Adm'r*, 21 Mo. 285 ; 35 Iowa 499 ; 24 Ill. 134.

III.   Our mechanic's lien statute places no limitation upon the period of the lien. It is, therefore, *indefinite in duration*. Phillips' Mech. Liens, sects. 10, 446 ; *Knorr v. Elliott*, 5 Serg. & R. (Pa.) 49 ; 74 Mo. 489. The mistake in entering up the judgment, by placing the lots in the wrong addition, can be corrected, even against a purchaser of the property charged, before the correction. The notice, by the filing and recording was *to all*, under the statute, as well *after* the judgment, as before it. The statute creates the lien and provides, also, for an acknowledgment of its satisfaction ; between these two acts, the lien *must be continuous*. Rev. Stat., sect. 3188.

IV.   The correction of the judgment *nunc pro tunc*, only placed *in the judgment, that which the mechanic's lien record made it* the duty of the plaintiff to notice ; therefore, no harm could result to him by the correction. Freeman on Judgments (3 Ed.) sect. 66 ; *Foster v. Woodfin*, 65 N. C. 29.

H. K. WHITE, for the respondent.

I.   Statutes, providing for constructive notice, are

strictly construed. Wade on Notice, sects. 41, 124; *Schell v. Leland*, 45 Mo. 289.

II. Plaintiff was not constructively notified of defendant's claim. (1) The clerk's abstract of the lien was not constructive notice. *Cornelius v. Grant*, 8 Mo. 59. (2) After ninety days after the filing of the lien, the only constructive notice was the pendency of the suit, and upon its termination the mechanic's lien merged in the judgment. Freeman on Judgments, 215; *Pitts v. Fugate's Adm'r*, 41 Mo. 405; *Evansville Gas Light Co. v. State*, 75 Ind. 219. (3) After the judgment was rendered, except for the lien given by the statute, the judgment would not be constructive notice of its contents. Freeman on Judgments, sect. 206; *Rosser v. Bingham*, 17 Ind. 542. (4) The lien of this judgment expired in three years from its rendition. *Crittenden v. Leitensdorfer*, 35 Mo. 239; Wag. Stat., sects. 2, 3, p. 909.

III. The correction of the judgment *nunc pro tunc* did not affect the plaintiff. Freeman on Judgments, sect. 66; *McClanahan v. Smith*, 76 Mo. 428.

IV. At time of sale to plaintiff, the owner of the lots was sole owner of the building, and its sale by the sheriff, as a sale of personal property, passed no title to defendant. Rev. Stat., sects. 2379, 2380, 3186; Wood on Land. & Tenant, sect. 521; Taylor on Land. & Tenant, sect. 551; *Kutter v. Smith*, 4 Wall. (U. S.) 491; *Lacey v. Giboney*, 36 Mo. 320.

ELLISON, J.—It will be noticed from the statement that plaintiff purchased from Bartlett before the *nunc pro tunc* entry, and more than three years after the rendition of the judgment on the mechanic's lien. The main question presented by counsel is, does a mechanic's lien, as such, continue after the rendition of a judgment upon it? In other words, is it merged in the judgment?

We prefer to confine our opinion to the case before us, and not go into the general question until the necessity for such examination shall arise from the record.

In order that there be a merger of the lien into the judgment, such judgment must be a valid one, one that may be enforced.    Freeman on Judgments, sect. 218 ; *Wixom et al. v. Stephens et al.*, 17 Mich. 518.    Judge Cooley says, in the case cited, that :    " If, by reason of the mistake, the judgment rendered by the justice was not valid, so that the plaintiffs could enforce it, then it would seem that it could not constitute a bar to a new suit on the note.    The bar, in such case, springs from the party having already obtained a higher security ; and where he has got no new security, his remedy, upon the original demand, is not taken away."    In the case before us, the judgment was invalid.    It could not be enforced, for the whole record showed it to have been entered against property not included in the petition or proceedings. The subject matter of the suit, then, *i. e.*, the lien, did not merge in the judgment entered by mistake.    The lien retained its specific character, at least, till a proper judgment was entered.    Whether after a proper judgment need not be considered. The proceedings, beginning with the filing of the lien on down to the judgment, were regular as provided by law.    The suit having been instituted within the time prescribed by statute, after filing the lien, such lien continued in force, at least, until the lien of the judgment began.

It follows that the judgment should be reversed. The other judges concur.