NEW BOSTON FIRE INSURANCE CO. *v.* SAUNDERS.

If a mutual insurance company is required by its charter to make assessments on its deposit notes in proportion to their original amount, and by a later statute its members are liable only to the extent of their notes, an assessment of the full unpaid balance of the notes is allowable, although the previous payments, and therefore the unpaid balances, are not in proportion to the original amounts.

If the record of a corporation meeting has never been made, or has been lost, the proceedings may be proved by parol.

ASSUMPSIT, for an assessment on a premium note given by the defendant for insurance upon his property. Facts found by the court. The plaintiffs are a mutual fire insurance company. The assessment was of one hundred per cent. on the balance due on the premium notes, after deducting amounts paid on previous assessments, the amounts previously paid ranging from two per cent. to thirty-five and one half per cent., being nine per cent. on the note in suit. All previous assessments had been upon the face value of the notes. The clerk whose duty it was to record the proceedings of the directors' meeting at which the assessment was made, died seven weeks after the meeting without having made any record of it or of other meetings which had been held at about the same time, and a careful search among his papers and those of the plaintiffs failed to discover any memorandum whatever relating to the meeting. Subject to exception, the plaintiffs were allowed to prove by parol the making of the assessment. Other facts sufficiently appear in the opinion.

*James P. Tuttle* and *Robert M. Wallace*, for the plaintiffs.

*Sulloway & Topliff*, for the defendant.

BLODGETT, J.    The provision in the plaintiffs' charter (granted in 1841) that " the sum to be paid by each member shall always be in proportion to the original amount of deposit note or notes," was materially modified by *c.* 501, Laws of 1847, rendering members of mutual fire insurance companies " which now are or may hereafter be formed " liable only to the extent of their deposit notes ; and this has since continued to be the limit of their liability.    C. S., *c.* 154, *s.* 2 ; G. S., *c.* 158, *s.* 1 ; G. L., *c.* 173, *s.* 1 ; P. S., *c.* 168, *s.* 1.

When the assessment sought to be enforced, and which amounted to more than eighty-three per centum of the value of the deposit notes, was made, the different classes of notes constituting the entire assets of the company had previously paid assessments varying from two to thirty-five and one half per centum, and consequently it would have subjected the makers of some of them to more than the extreme limit of statutory liability if the assessment had been made upon the basis of face value.    The remaining alternative was to credit each note with the amount of the previous assessments upon it, and assess the balance only.    This was found to be barely sufficient to meet the required assessment ; and in view of this fact, we think the mode of assessment adopted by the plaintiffs is neither legally nor equitably open to objection.

The vote of the directors imposing the assessment was, under the circumstances disclosed, provable by parol.    *Nashua Fire Ins. Co.* v. *Moore*, 55 N. H. 48, 55 ; *White Mts. Railroad* v. *Eastman*, 34 N. H. 124, 138 ; *Edgerly* v. *Emerson*, 23 N. H. 555 ; *Cram* v. *Bangor House Proprietary*, 12 Me. 354.

*Judgment for the plaintiffs.*

CLARK, J., did not sit : the others concurred.