F. E. ZALESKY V. THE IOWA STATE INSURANCE COMPANY, Appellant.

**Insurance:** REBUILDING: *Estoppel of assured.* An insurance company which issues a policy authorizing it to rebuild in case of loss of a building cannot be required to pay the amount of the policy, where it had notified the insured of its intention to rebuild, and the latter made no objections, although the articles of incorporation contain a provision giving the insured a right of election to take his claim in money.

**Evidence:** INSURANCE. Parol evidence of the action taken by an insurance company in regard to a loss under a policy issued by it, and of its decision to rebuild, is admissible where no record of such action was made; and is relevant in an action upon the policy.

**Judgment:** ABATEMENT BY. A judgment which is confessedly void will not abate another suit on the same subject matter.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

TUESDAY, FEBRUARY 9, 1897.

ACTION at law upon a policy of fire insurance. Trial to a jury. The court below directed a verdict for plaintiff, and defendant appeals.—*Reversed.*

*McVey & Cheshire* for appellant.

*J. J. Mosnat* and *W. C. Scrimgeour* for appellee.

Deemer, J.—The issuance of the policy in suit, which covered a two-story brick building in the city of Belle Plaine, a meat cutter and an engine and boiler; the destruction of the building by fire, and the giving of proper proofs of loss, are all admitted. The defendant, in defense, pleaded a former suit pending in Lee county, which went to judgment before the commencement of this action. It also pleaded concurrent insurance upon the property, and set out this provision of plaintiff's policy: "The directors shall have the right to rebuild the building or repair the same, and the assured shall furnish to the directors proper specifications of the building destroyed or damaged; and the claim of the assured shall be limited to the actual cost of the building to the assured, or of replacing the same, less a reasonable depreciation for wear and tear and age of the building. If the directors rebuild or repair a building, the assured shall pay to the company the difference in value between the new and old building, and, in case of disagreement, the amount thereof shall, upon demand of either party, be determined as provided by section 14 of the charter. And if there shall be any policies of other companies thereon not contributing to said rebuilding, the assured shall pay to this company the amount thereof, which shall be expended in repairing or restoring the buildings, subject to the foregoing conditions,"—and charged the fact to be that within thirty days after the alleged proofs of loss, this defendant demanded the right to rebuild said building under the terms and conditions of the policy, and demanded of the plaintiff that the assured pay to this company the amount of the other insurance not contributed to such rebuilding, to enable the defendant to expend the same to restore and rebuild the building, or so much as was necessary to rebuild the same, according to the terms of the policy. It also pleaded that by

the terms of its policy its board of directors had three months in which to determine whether to rebuild or not, and that its said board did, within three months, determine to rebuild, and so notified the plaintiff, but that plaintiff refused to comply with the terms of the policy, and refused and neglected to permit defendant to restore the building; and in defiance of his policy, and of defendant's rights thereunder, proceeded to rebuild the building himself. The plaintiff's reply was a plea of estoppel, and practically a general denial of the affirmative matters of the answer.

I. The appellant offered to prove by George Rand, a director of the company, and by one Overton, an adjuster, that at a regular meeting of the directors held on September 21, 1894,—within ten days after proofs of loss were furnished,—they decided to rebuild, and ordered the adjuster to give appellee notice of their decision, and request him to furnish plans and specifications of the building destroyed; that in conformity to the usual and ordinary custom of the directors no record was made of their action in the matter, and that it was usual for the secretary to make up the record of the action of the board only when a loss was fully and finally disposed of. Appellee objected to this evidence on the ground that it was incompetent and irrelevant, and not the best evidence. The court sustained the objection, and of this complaint is made. It will be observed that no record was made of the action of the board, and there was no written evidence of the conclusion arrived at. It rested in the memory of the individuals who were present, and their recollection and statements as to what was done was the best and only evidence attainable. There is no statutory requirement that such matters should be in writing, and we know of no reason for holding that parol evidence is not admissible in such cases. Indeed, it has been so often

held that, where no records are kept, or the proceedings are not recorded, parol evidence is admissible to show what was resolved upon, and by what vote it was carried, that it may be said to be the unanimous voice of authority that such proof may be given. *Ten Eyck v. Railroad Co.* (Mich.) 41 N. W. Rep. 905; *Cram v. Proprietary Co.*, 12 Me. 354; *Bank v. Dandridge*, 12 Wheat. 69; Dillon, Mun. Corp. (4th ed.) sections 300, 301; *Poweshiek County v. Ross*, 9 Iowa, 511; *Athearn v. Independent District*, 33 Iowa, 105. See, also, Lawson's note to *Wertheim v. Trust Co.*, 15 Fed. Rep. 727; *Higgins v. Reed*, 74 Am. Dec. 309-312; Beach, Priv. Corp. section 295. The evidence offered was not only the best of which the case was susceptible; but it was also competent to establish the facts sought to be proved.

The only other question which remains is, was it relevant? It certainly was, for it went to support one of the defenses pleaded by appellant. It is contended in argument by appellee, however, that the evidence was immaterial, and that no prejudice resulted to appellant from the ruling. This brings us to a consideration of the contract entered into between the parties. The policy sued upon contained these provisions: "And we do therefore promise, according to the provisions of said charter, to pay the said sum insured within the three months next after the said loss shall have been proved by the assured and adjusted by the board of directors, as required by the charter aforesaid during the time this policy shall remain in force, unless the directors within the said three months determine to rebuild or replace the property destroyed. And we do further promise that when, and as often as the property aforesaid, or any part thereof, or any other of equal value built or supplied in the room thereof shall happen to be injured by means of fire, such damage shall be made good according to

the estimate thereof, or repaired and put in as good condition as the same was before such loss or damage happened. * * * And it shall be optional with the company to replace the articles lost or damaged with others of the same kind and equal goodness, and to rebuild or repair the building or buildings, within a reasonable time, giving notice of their intention to do so within thirty days after the proofs, as herein required, have been received at the office of the company. * * * And in case of loss of a building insured in this company, or any damage thereto, the directors shall have the right to rebuild or repair the same, and the assured shall furnish the directors proper specifications of the building destroyed or damaged, and the claims of the assured shall be limited to the actual cost of replacing the same, less a reasonable depreciation for wear and tear and age of the building. If the directors repair or rebuild a building, the insured shall pay to the company the difference in value between the new and old building; and in case of disagreement the amount thereof shall, upon demand of either party, be determined as provided in section 14 of the charter. And, if there shall be any policies of other insurance companies thereon not contributing to such rebuilding, the assured shall pay to this company the amount thereof, which shall be expended in restoring or repairing the building, subject to the foregoing conditions." The articles of incorporation of the company also contained these provisions: "Sec. 16. The directors shall settle and pay all losses within three months after they shall have been notified and proof of loss is made according to the by-laws and conditions of insurance, unless they shall judge it expedient within that time to rebuild the house or houses destroyed, or replace or restore the property, or repair the damage sustained, which they are empowered to do in a convenient time.

Sec. 17. In case any building or buildings or other property insured in said company be destroyed by fire, and the owner or owners thereof shall prefer to receive the amount of said loss in money, in such case the directors may retain the amount of the premium note given for the insurance thereof, and make assessments thereon, until the time for which insurance was made shall have expired. At the expiration thereof the insured shall have a right to demand and receive such part of such retained premium as has not been expended in losses and expenses." The conditions of the policy, and the first section of the articles of incorporation quoted clearly indicate that the insurer had the right of election to rebuild, and that its decision was final.

It is contended on behalf of appellee that article 17 of the by-laws is in conflict therewith, and that, as it is for the benefit of the assured, that construction must be placed upon the whole contract which is most favorable to the appellee,—according to the universal rule of construction,—and that this gives to the insured the right of election to take his claim in money. Now, while section 17 of the articles of incorporation is not clear, it seems to us that it is not necessarily in conflict with the other provisions and the conditions of the policy before quoted. It has reference particularly as to what shall be done with the premium note in the event the assured receives the amount of his loss in money; and, when construed with reference to the other articles, which are too long to be copied at length in this opinion, it is clear that it has no reference to the liability of the company, nor to the right of the assured to elect to take his indemnity in money. Moreover, the company proceeded in exact accord with the terms of the policy. It elected to rebuild, gave the assured notice of its decision, and demanded plans and specifications of the building. Appellee made no

response thereto, and did not indicate at any time until he had rebuilt the structure and brought this action that he preferred to receive money. At the time the appellant elected to rebuild, and gave proper notice thereof to the assured, it converted the policy into a building contract, and, when thus fixed, all provisions in conflict therewith must yield. *Beals v. Insurance Co.*, 36 N. Y. 522; *Good v. Insurance Co.*, 43 Ohio St. 394 (2 N. E. Rep. 420); *Morrell v. Insurance Co.*, 33 N. Y. 429. Appellee gave no notice to appellant that he intended to rebuild; and there is nothing in the record to show that it had any such notice or knowledge until about the time of the commencement of this action. Under such a state of facts it is clear that, if we give to section 17 the force and effect contended for by appellee, yet, as he did not make his election known, the defendant had the right to proceed as it did, and, having done so, it converted the contract from one of indemnity into a building contract, and the rights of the parties must be determined with reference thereto. We may observe, parenthetically, that the defendant and appellant is a mutual insurance company, and for that reason we have considered its articles of incorporation; as they became a part of the contract between the parties. We think the evidence offered by defendant was material, and that it should have gone to the jury.

II.    Appellant also contends that its plea in abatement was a complete defense to the action. It appears that plaintiff recovered judgment in Lee county against the defendant upon the policy in suit. On this judgment he caused execution to issue. Appellant brought suit by injunction to restrain the collection of the judgment, claiming that it was illegal and void for the reason that service was not made upon a proper officer of the company. Appellee, in his reply to appellant's answer, admitted that the judgment was

and is void; and also introduced in evidence a notice signed by plaintiff, and directed to defendant or its attorneys, to the effect that he withdrew his answer, and admitted the allegations of the petition in the injunction suit. Service of this notice was accepted by appellant's attorneys April 30, 1895. This was the day this case was called for trial in the district court. It seems to us that a judgment which is confessedly void cannot be a bar to another action, nor will it abate another suit brought upon the same subject-matter. *Scott v. Luther*, 44 Iowa, 570; *Wixom v. Stephens*, 17 Mich. 518. The court correctly held that the Lee county judgment was no bar to this action.

III.   One other question is discussed by counsel, but, as it will not arise upon another trial, we will not consider it further than to say that the case should have gone to the jury under the issues as they stood upon the question as to the amount of defendant's liability. For the reasons pointed out, the judgment of the district court is REVERSED.

SUPPLEMENTAL OPINION ON RE-HEARING.

. FRIDAY, MAY 28, 1897.

*Overruled.*

PER CURIAM.—In a petition for re-hearing, our attention is for the first time called to section 1692 of McClain's Code, which, among other things, provides that "the directors (of insurance companies) shall keep full and correct entries of their transactions, which shall at all times be open to the inspection of the stock-holders, and to the inspection of persons invested by law with the right thereof." Assuming, for the purpose of the case, that this statute applies to mutual companies, yet it does not change the rule

announced in the first paragraph of the opinion, for it is uniformly held that unless such a statute, in express terms, provides that no other evidence than the recorded minutes is admissible, parol evidence may be received when no record is kept, or the proceedings have not been recorded. See Dillon, Mun. Corp. sections 300, 301, and cases cited in the original opinion. The petition for re-hearing is OVERRULED.