STATE OF IOWA, *ex. rel.* Thomas Brick, v. WILLIAM CAHILL, Appellant.

Schools: ANNUAL MEETING: EVIDENCE OF ELECTION. The statute does not make the record of an annual school meeting the only competent evidence of an election of directors, and if no record

is kept, or it fails to show an election, parol evidence is admissible to show that an election was held and the result thereof.

School directors: TERM OF OFFICE. A school director's term of office begins and ends on the third Monday in March and not at the time of the annual meeting.

Election of school directors: VACANCY: QUALIFICATION OF · HOLD-OVER. Where an ineligible person is in fact elected as a school director, but fails to qualify on or before the third Monday in March, the date of organization of the board, a vacancy is not thereby caused by failure to elect but because of failure to qualify, and the old director will hold over if he qualifies within ten days from the regular March meeting of the board.

*Appeal from Cedar District Court.*— HON. WM. G. THOMPSON, Judge.

WEDNESDAY, JANUARY 17, 1906.

Rehearing denied Friday, June 29, 1906.

ACTION of *quo warranto* to determine the right to hold the office of subdirector in a school township. There was a trial to the court, and a judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*M. J. Wade* and *Wright, Leech & Wright.* for appellant.

*W. G. W. Geiger* and *Chas. W. Kepler & Son,* for appellee.

SHERWIN, J.— The plaintiff was duly elected to the office in question at the March, 1904, election, and qualified and served his term. On the sixth of March, 1905, it being the first Monday in the month, Thomas Moore was a candidate for the office, and received a majority of the votes cast therefor. At the annual meeting of the board held, as provided by statute, on the third Monday in March, Moore undertook to qualify, but was persuaded not to do so, because of his alleged ineligibility to the office. The board then

declared the office vacant on account of a failure to elect a qualified person, and appointed the defendant to fill the vacancy. Two days thereafter the plaintiff requalified, and insisted on his right to act as a director for his subdistrict, but was not recognized by the board, and brought this action to test his right to the office.

No record was made of the annual meeting and election held on the 6th day of March, 1904, as we understand the record, and the plaintiff was permitted to prove his election by parol. There was no error in the ruling. Section 2751 of the Code provides for the annual meeting and election, and, while it does not in terms provide that a record thereof shall be made, it may be conceded, for the purposes of this case, that a fair inference to be drawn therefrom is that it shall be done. But, if this be true, the failure to make the record cannot deprive the plaintiff of his right to the office, to which he was in fact elected. The statute does not declare that the record shall be the sole and conclusive evidence, and it is the general rule that if the record be not kept as required, or if it does not contain evidence of the fact sought to be proved, parol evidence is admissible. *Powesheik County v. Ross*, 9 Iowa, 511; *Dollarhide v. Muscatine County*, 1 G. Greene, 158. See, also, *Jordon & McCallum v. Osceola Co.*, 59 Iowa, 388, 17 Cyc. 498, 499.

*1. SCHOOLS: annual meeting: evidence of election.*

It is conceded in argument that, if the plaintiff was the duly elected and qualified director for the term beginning in 1904, he would hold over if he qualified therefor within the statutory period. Code, section 2758. The real question for determination, therefore, is whether he did so qualify, and the answer thereto must depend largely on the time at which the term of subdirector begins. The appellant contends that it begins as soon as he is elected, and that a failure to elect causes a vacancy at once. The statute does not in direct language fix the beginning of the term, but we think it is clearly implied

*2. SCHOOL DIRECTORS: term of office.*

that it shall begin on the third Monday in March. Section 2757 provides for regular meetings of the board of directors on the third Mondays in March and September, and for the organization of the board at the regular March meeting. Section 2758 requires each director to qualify on or before the third Monday in March, and says in connection therewith that he shall hold the office for the term to which he is elected, and until a successor is elected and qualified. Construing the two sections together, there can be little doubt as to the legislative intent. The newly elected director is not required to qualify until the regular meeting on the third Monday in March, when the board is organized, and, if the appellant's contention is correct, there may be an interval of two weeks during which there is no organized board. If a successor to the president of the board should be elected and qualify at once, the president's term would thereupon expire, and the old organization of the board would be dissolved without authority to reorganize until two weeks later.

Again, we think the fair import of section 2758 is that the term shall begin with the regular March meeting. As we have seen, it provides for qualification at that time, 3. ELECTION OF SCHOOL DIRECTORS: vacancy: qualification of holdover. and says in the same connection that the director shall hold the office for the term to which he has been elected, evidently meaning that such term shall begin at that time. If this be the true construction of the statute, there could be no vacancy until the end of the term, to wit, the third Monday in March. Section 1275 of the Code provides that officers entitled to hold over to fill vacancies occurring through failure to elect or qualify shall qualify within ten days from the failure to elect or qualify. The appellant urges that there was a failure to elect, within the meaning of the statute, and that the plaintiff was bound to qualify as a hold-over within ten days after the election on the 6th of March. That Moore was not eligible when he was elected is conceded, and under some circumstances it might be necessary and proper

to hold that, such being the case, there was in fact a failure to elect. Indeed, such is the general holding in cases of contest between parties who were candidates for the same office. 15 Cyc. 391, and cases cited. But this rule does not lend material aid to the construction of the statute, nor is it of controlling importance. The statute deals with vacancies caused by failure to elect. The word "election," as ordinarily used and understood, means the choice or selection of one man amongst more to fill a certain office; and it does not, in our judgment, always necessarily involve the question of eligibility. Thus an alien cannot hold an office; but, if elected while an alien, he becomes a citizen before qualifying, he is entitled to the office. *Sate v. Van Beek,* 87 Iowa, 569.

The Legislature has not given boards of school directors the power to determine the eligibility or qualifications of those elected to the office. Such power is generally given to the courts only, and it cannot be possible that the Legislature intended to require an off-hand determination of the eligibility of a candidate, or that the "failure to elect" therein spoken of should mean the failure to elect an eligible person. In our opinion, it means that if there is a failure to hold an election, or if, an election being held, there is a failure to make a choice as provided by law, the other provisions of the section become effective. There was, therefore, no failure to elect within the meaning of the law, because Moore was in fact elected and given a certificate. But he failed to qualify, and because thereof the plaintiff was entitled to qualify within ten days thereafter, and to hold the office until his successor was elected and qualified, as provided by section 2758.

The motion to strike the appellant's reply is overruled, and the judgment is *affirmed.*