NICK HATZ et al., Appellants, v. BOARD OF SUPERVISORS OF PLYMOUTH COUNTY et al., Appellees.

APPEAL AND ERROR: Review—Scope of Inquiry—Moot Question —Repeal of "Mulct Act". Courts will not adjudicate a question bearing on a statute right, even existing at the time an action is commenced, when such right, *prior to trial*, is wholly taken away by a valid repeal of the statute. So held on repeal of the "Mulct Act".

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON, Judge.

TUESDAY, JANUARY 11, 1916.

The opinion states the case. *Dismissed.*

*Kass Brothers,* for appellants.

*Clarence D. Roseberry,* County Attorney, *John F. Joseph* and *M. S. Odle,* for appellees.

PER CURIAM.—On November 4, 1913, under a statute commonly known as the "mulct law," then in force, the plaintiffs presented to the county auditor and board of supervisors of Plymouth County a petition of consent for the sale of intoxicating liquors in said county, which petition was alleged to bear the signatures of the required number of voters to bring the county under the operation of said statute. Thereafter, at the hearing by the supervisors upon the petition, certain withdrawals of signatures from the petition were allowed over the objections of the plaintiffs, with the result that the petition was found and adjudged to be insufficient. From this holding, plaintiffs appealed to the district court, where the action of the board of supervisors was affirmed. From that judgment, plaintiffs have appealed to this court. It is agreed in argument that the sole question presented by the appeal is the correctness of the ruling by which the withdrawal of the signatures was allowed. Since this litigation was begun, the Mulct Act has been repealed by the legislature, leaving no valuable right of the appellants at stake. The question raised by the exceptions taken to the action of the trial court have, therefore, become purely moot or academic; and, under well established rules, this court will not attempt their decision. *Bethany v. Morse,* 151 Iowa 521; *Berry v. Des Moines,* 115 Iowa 44; *Chicago, R. I. & P. R. Co. v. Dey,* 76 Iowa 278, 281; *Cutcomp v. Utt,* 60 Iowa 156; *State v. Porter,* 58 Iowa 19.

There being no established right involved in the further hearing or consideration of the appeal, it is ordered—*Dismissed.*

All the Justices concur.

<div style="margin-left:2em"><em>APPEAL AND ERROR: review: scope of inquiry: moot question: repeal of "Mulct Act."</em></div>