INDEPENDENT SCHOOL DISTRICT OF LIBERTY, Appellee, v. ROSA PENNINGTON, Appellant.

APPEAL AND ERROR:   Dismissal—Want of Controversy—Non-
1   Moot Cases.   Lapse of time will not render a cause moot *if an enforceable right is involved.*   So held on an appeal involving

the validity of a contract of employment of a teacher, it appearing that, at the time of the appeal, the time in· which the contract might be performed had expired.

SCHOOLS AND SCHOOL DISTRICTS:  Teachers—Contract of Employment—Limitations.  The board of directors of a rural independent school district has no power to employ a teacher under a contract which calls for performance wholly within the term of office of the board *thereafter to be organized.*  (See Sections 2757, 2772, 2773, Code Supp., 1913.)

*Appeal from Boone District Court.*—H. E. FRY, Judge.

NOVEMBER 26, 1917.

SUIT to enjoin defendant from teaching school in pursuance of a contract entered into prior to the organization of the board of directors of plaintiff district, but to be performed thereafter, resulted in a decree as prayed. The defendant appeals.—*Affirmed.*

*Dugan & Dugan,* for appellant.

*F. W. Ganoe* and *F. L. Mackey,* for appellee.

LADD, J.—The plaintiff is a rural independent school district.  At the election on the second Monday of March, 1916, H. C. Davisson was elected director, to succeed Arthur S. Whiting.  Fessler and McCormick were the other directors, and they held over.  On June 21st following, the board of directors as then constituted entered into a contract with defendant, employing her to teach the school of the district 32 weeks, beginning September 4, 1916.  This was effected by the votes of Whiting and McCormick as against the negative vote of Fessler.  Whiting's term expired July 1st, and Davisson, having duly qualified, succeeded him, whereupon the board of directors organized as required by statute.  The new board of directors, denying the validity of defendant's contract, proposed to employ her for a shorter period, but she declined, and, in pursuance thereof, commenced teaching

on the day stipulated.   Thereupon this suit was commenced, enjoining her from teaching or interfering with the school, and another was employed instead.   There appears to have been no objection to the defendant as a teacher, the trouble arising over the period of the employment and the assumption by the expiring board of authority to enter into a contract wholly to be performed during the term of the board of directors thereafter to be organized.

I.   Appellee moves that the appeal be dismissed, for that, as the period of appellant's employment has elapsed, nothing but a moot case remains.   It is true that, even though we should disagree with the trial court, defendant's contract must remain unperformed; for she was to teach 32 weeks, commencing September 4, 1916, and of course that time is past.   But the question of her right to teach under the contract and to recover for the time she did teach remains undetermined.   Whenever a case involves rights vital as between the parties, it is not a moot case.   If the appeal were to be dismissed, the decree declaring the contract invalid and making the injunction permanent would stand, and the defendant would thereby be precluded from recovery (1) for services actually rendered in pursuance of the contract; (2) for damages consequent on the breach of the contract; and (3) for damages flowing from the restraining order on the injunction bond.   Manifestly, then, there is a substantial right depending on the review of the question raised in this court, and the motion to dismiss must be overruled.   See *Kaufman v. Mastin,* (W. Va.) 25 L. R. A. (N. S.) 855.   None of the decisions, save possibly one, relied on by appellee, are inconsistent with this conclusion.

In *Chicago, R. I. & P. R. Co. v. Dey,* 76 Iowa 278, the plaintiff dismissed the cause, and all held was that the cause would not be retained on the calendar for the assess-

<div style="margin-left:2em; font-style:italic; font-size:small;">

1. APPEAL AND ERROR: dismissal: want of controversy: non-moot cases.

</div>

ment of damages. In *State v. Porter*, 58 Iowa 19, the term of office of a subdirector of a school district had expired; and the court held that, as there were no emoluments attached to the office, neither party had anything to gain or lose, and the appeal was dismissed. In *Potts v. Tuttle*, 79 Iowa 253, the issue was as to who had been elected constable; and the court said that, as the term had expired and the appellant could not obtain the office or its emoluments, the title thereto ought not to be passed on. See *Brown v. Tama County*, 122 Iowa 745. *Moller v. Gottsch*, 107 Iowa 238, was an action of forcible entry and detainer, and, as the decision could only be determinative of the costs, the appeal would be dismissed. Citations might be multiplied to the effect that courts will not pass on merely abstract questions, and that, to invoke a decision, something other than a mere abstraction such as an enforceable right must be involved. *Berry v. City of Des Moines*, 115 Iowa 44; *Hatz v. Board of Supervisors*, 173 Iowa 366; *Sawyer v. Termohlen*, 144 Iowa 247; *Outcomp v. Utt*, 60 Iowa 156. The case somewhat inconsistent with our conclusion is *Sullivan v. Garvey*, not officially reported, but to be found in 92 N. W. 672; and, in so far as inconsistent herewith, it is to be regarded as overruled. Whenever an enforceable right is involved, the question raised is not moot, and the appeal ought not to be dismissed.

II. Had the board of directors the authority to enter into a contract for the services of a teacher wholly to be performed during the period of the succeeding board? Is it permissible under the law for an outgoing board to thus tie the hands of its successor, regardless of the bad taste involved? We do not think so. Only such powers are conferred on the board of directors as are expressly granted and necessarily implied in order to carry these out. In a rural independent school district, the man-

2. SCHOOLS AND SCHOOL DISTRICTS: teachers: contract of employment: limitations.

aging board consists of three directors.   The term of office is three years, one member being elected on the second Monday of March of each year.   Section 2754, Code Supp., 1913.   The board of directors organize, by the election of a president, on the 1st day of July each year, unless that day is Sunday, when the organization is to be effected on the day following, and also elect a secretary and treasurer. Section 2757, Code Supp., 1913.   On that day the retiring board is required to "meet, examine the books of and settle with the secretary and treasurer for the year ending on the thirtieth day of June preceding, and for the transaction of such other business as may properly come before it."

Section 2758 of the Code Supplement, 1913, requires directors elect to qualify on or before the date of the organization of the new board, and their term of office begins at that time.   *State v. Cahill*, 131 Iowa 155.   Whiting was a member of the board, then, when the contract was entered into, and it must be upheld if the board as then organized had authority to enter into the contract, wholly to be performed subsequent to the organization of its successor, July 1st following.   In *Burkhead v. Independent School District*, 107 Iowa 29, the defendant district was adjudged to be without power to employ a teacher for a period longer than one year, the court saying that:

"An examination of the statutes leads to the inevitable conclusion that the legislature intended such contracts to be limited in duration to the school year as determined by the board of directors.   If not so limited, then the directors might employ teachers for any number of years, tie up the the hands of their successors in office, and wrest from the control of the people the schools which they are required to support.   The spirit of these statutes is repugnant to the idea that one board of directors, by contract wholly to be performed in the future, can divest future boards of the power to select teachers and make contracts therefor, and

indirectly take from the people all the advantages to be derived from annual elections."

Though the statute (Section 2778, Supplemental Supplement, 1915) now permits a contract for a longer period in certain districts, it has no application to a rural independent school district, and what is said above is precisely what might result were a board of school directors permitted to enter into contracts with teachers wholly to be performed during the terms of succeeding boards. Of course, as pointed out in the case last above cited, it is not essential that a contract be limited by the terms of individual members. But the purpose of the organization of the district is the appropriate education of those of school age residing therein, and the legislative purpose, plainly manifested in the statutes, is that the common school shall be, as nearly as may be, within the direct control of the people upon whom is cast the burden of support. A meeting of the voters of the district is held annually on the second Monday of March, at which a majority may change the text books,. order the sale of the district's property, add branches of learning to be taught, allow school buildings to be used for public meetings, order the transfer of building fund to teachers' fund, authorize better access to the schoolhouse, vote a tax for the acquirement of a schoolhouse site and the erection of a schoolhouse, order the purchase and loan of books to pupils. Section 2746, Code. Other matters may, on petition, be submitted for decision by the voters. But the purposes expressed by the electors can be better executed through a board of directors than directly by the larger body of voters, and therefore a director is elected each year, thereby enabling the patrons of the school to control its policies through the ballot box. Moreover, the board of directors organize on the 1st day of July each year, when the necessary examination of accounts is made by the old

board and the new board enabled to begin the discharge of its duties with a clean slate.   It is required to "prescribe a course of study for the schools of the corporation, make rules and regulations for its own government and that of the directors, officers, teachers and pupils, and the care of the schoolhouse, grounds, and property of the school corporation, and aid in the enforcement of the same."   Section 2772, Code Supplement, 1913.

"Every school shall be free of tuition to all actual residents between the ages of 5 and 21 years, and each school regularly established shall continue for at least 24 weeks of 5 school days each, in each school year commencing the first of July, unless the county superintendent shall authorize the board to shorten this period in any one or more schools, when in his judgment there are sufficient reasons for so doing."   Section 2773, Code Supplement, 1913.

The school year begins, then, on July 1st of each calendar year, and on that day the board of directors organize as such.   Upon it was conferred the right to "designate the period each school shall be held beyond the time required by law."   Section 2773, Code Supplement, 1913.   It was authorized to prescribe the course of study.   This much is necessarily to be inferred; for surely it could not have been intended that a board of directors might do so for a school year other than when it acts as such.   What any particular board might determine as to how long school should be held or what studies should be taught would not be binding on succeeding boards, but each board of directors must decide these matters in harmony with present conditions. If, then, only the board organized July 1, 1916, might determine the period school should be held and the course of study, it would seem that the applicants for the position of teacher should be considered in connection with the branches to be taught, and that a contract for any specified time could not well be entered into before this had been deter-

mined by the only body authorized to say how long beyond the statutory limitation the school should be taught, and at what periods during the school year. The board of directors prior to that organized July 1st could not know how long the school would be taught during the school year thereafter beginning, nor the course of study which would be pursued, and therefore was not in a situation to contract for services of a teacher wholly thereafter to be rendered. We are of opinion that the outgoing board of directors was without authority to employ defendant as a teacher for a term commencing after the organization of the board of directors for the ensuing year. Doubtless decisions are to be found to the contrary, but construing different statutes. Some of them will be found cited in *Burkhead v. Independent School Dist.,* supra.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.