F. C. UPTON et al., Appellants, v. ADAM GEPHART et al., Appellees.

FEBRUARY 7, 1928.

*Ed. R. Brown* and *G. R. Buckles*, for appellants.

*A. L. Heminger*, for Adam Gephart and Ida M. Gephart, appellees.

*J. C. Calhoun*, for Cato Gephart, intervener, appellee.

EVANS, J.—In August, 1926, the plaintiff Upton obtained a decree of foreclosure against the defendants Adam and Ida Gephart, husband and wife. The mortgaged property comprised a farm, which was in the actual possession of the defendants. Under the decree the receiver was directed to collect the rents for the year of redemption, and out of the proceeds to pay taxes, insurance, and interest on the prior mortgage. The possession of the receiver was deferred until March 1, 1927. Special execution was issued, and the mortgaged property was sold

thereunder on October 16, 1926. At such sale, the property brought a sufficient price to satisfy the decree, less $250 left as a deficiency judgment. On February 28th the defendants in the execution paid the deficiency judgment in full, and thereafter refused to surrender possession of the premises to the receiver. They thereupon rented the farm to their son, Cato Gephart.

Having previously demanded possession on March 1, 1927, the receiver did, on March 3, 1927, file in the court out of which the execution issued, his application for a citation to the defendants, and for a writ to the sheriff of the county, directing him to put the receiver in possession of the property. On March 24, 1927, the application was fully heard upon evidence produced by each side, and was denied by the court. It is from such denial that the appeal has been taken.

The appellees have submitted with their case a motion to dismiss the appeal because the question involved in it has become moot, in that the year of redemption expired on October 16, 1927, and in that the defendants on that date surrendered the possession to the plaintiffs, and that such plaintiffs are now in such possession.

As against the motion of appellees, the appellants contend that the question of right should be determined, regardless of the fact that the relief prayed cannot be granted because of the expiration of time. The failure of the district court to punish the defendants for contempt is not complained of in the brief of appellants. Their complaint is directed to the failure of the court to issue the writ directing the sheriff to put the receiver in possession. Unless the plaintiffs are now entitled to the issuance of such a writ, then manifestly it would be useless to investigate the question whether they were entitled to it at an earlier date. The remedy by writ is of the essence of the application. The court could have refused the particular remedy without settling the question of right in the receiver or the extent thereof. If the defendants wrongfully deprived plaintiffs of possession of the property, plaintiffs had remedy by ordinary action. The remedy they sought was a summary one. They may not have been entitled to it. In any event, it is an impossible remedy now.

We think the motion to dismiss must be sustained, on the ground indicated.—*Appeal dismissed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.