CARRIE J. McGRATH, Petitioner, v. DISTRICT COURT OF ADAMS COUNTY, Respondent.

FEBRUARY 7, 1928.

*Meyerhoff & Watts*, for petitioner.

*Ed. Fackler, Jr.*, for respondent.

KINDIG, J.—Raymond McGrath, as plaintiff, filed his petition in the district court of Adams County, alleging that Carrie McGrath, defendant, was his wife, but refused to live with him, had taken from his home their two children, Joseph and Mary, ages four and two years, respectively, and deprived the father of the custody and even the right to visit his son and daughter. Following this appeared the allegation that applicant had a suitable home in which to keep them, and he was a fit and worthy person to be intrusted with their care; finally ending with the prayer that: First, the rights of complainant to these little ones be established; second, a writ of temporary and finally permanent injunction issue for the protection of the petitioner in his

privilege and relationship; and third, general equitable relief be afforded.

Upon presentation thereof, the judge indorsed on the "petition" an order for "temporary injunction," preventing respondent from denying her husband the possession of the minors "during Sunday of each week," and precluding their removal out of the court's jurisdiction.

Attack was made on this pleading and action thereunder, first, by a demurrer (in equity a motion to dismiss), and second, through a motion to dissolve the "temporary restraining order." Both were based upon lack of jurisdiction and the pendency of another action. These issues were presented to the trial court, which, upon final submission, overruled each, and no appeal has been taken. However, relief from the failure to sustain is made the basis of the present proceeding in certiorari.

A companion case, *McGrath v. McGrath*, 205 Iowa 192, determined that Carrie J. McGrath is entitled to a divorce from Raymond McGrath, and the cause was remanded, with instructions to the district court to make all proper orders in reference to the custody of the children. Therefore, the matters presented upon this writ of certiorari become moot, and accordingly the writ is annulled.—*Writ annulled.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.