Iowa National Bank, Appellee, v. E. G. Raffensperger, Appellant.

No. 39411.

April 2, 1929.

Rehearing Denied September 30, 1929.

*C. E. Hunn* and *H. S. Hunn,* for appellant.

*Hallagan, Fountain & Stewart* and *P. H. Cless,* for appellee.

Kindig, J.—This was an action at law, commenced on February 23, 1928, by the plaintiff-appellee against the defendant-appellant, to recover the face value of a check. Appellant was

 the drawer of the instrument, and he stopped payment thereon. That dishonor of the negotiable document was asserted by appellee, in its petition, to be wrongful and contrary to law. Appellee's petition setting forth those and other facts was attacked by appellant March 23d of the same year. In doing this, appellant designated his pleading as a motion to strike. Such issue was submitted to the trial court, and on April 16th thereafter, a ruling was made by that tribunal adverse to appellant. From this action by the municipal court appellant appealed.

I. He did not stand on his alleged motion, nor was judgment entered against him. The notice of appeal was served and filed on April 24th. According to the express language of said notice, the appeal was taken from the court's action in overruling "the motion to strike." Four days later, appellant filed his answer in the municipal court, and thereby joined issue on the petition previously assailed, as aforesaid. Then the cause in due time was tried, and finally submitted for judgment, which was entered in appellee's favor. No other notice of appeal was served. Manifestly, appellant waived the adverse ruling when he answered and went to trial. *Mann v. Taylor*, 78 Iowa 355; *Kelly v. Incorporated Town of West Bend*, 101 Iowa 669; *Hunn v. Ashton*, 121 Iowa 265; *Heiman v. Felder*, 178 Iowa 740; *Smith v. Waterloo, C. F. & N. R. Co.*, 191 Iowa 668; *Depping v. Hansmeier*, 202 Iowa 314; *Morrison v. Carroll Clinic*, 204 Iowa 54. Accordingly, we said in *Mann v. Taylor*, supra:

"The first five divisions of appellant's argument are devoted to assignments of error by the court in overruling motions to strike the petition from the files, to strike out parts thereof, and to make the same more specific. As to these motions, it is sufficient to say that, after the rulings thereon, the defendant answered and went to trial, which operated as a waiver of any error in the rulings."

Likewise, *Smith v. Waterloo, C. F. & N. R. Co.*, supra, aptly continues:

"We have repeatedly held that, upon a ruling on a motion or a demurrer, if the party against whom the ruling was entered

afterwards pleads over or otherwise waives the adverse ruling, he cannot urge the same as error upon appeal.''

Hence, when appellant refused to stand on the motion and filed his answer, a waiver resulted, and there is now nothing before us on the attempted appeal.

II. However, appellant argues that the appellee has consented to the jurisdiction of this court, and therefore cannot now complain that the original ruling was unappealable.

To more clearly set forth appellant's position, it should be said that appellee filed an amended abstract, to show the waiver, and made an argument on the merits, subject to our ruling on the jurisdictional point. Due to this, appellant  concludes that the limited notice of appeal should be broadened by waiver so as to include the principal judgment, as well as the preliminary ruling preceding it. Reliance at this juncture is made upon *Roundy v. Kent,* 75 Iowa 662; *Heinz v. Roberts,* 135 Iowa 748.

It appears in the *Roundy* case that the appellee objected in his reply argument on the ground that the record did not show an appeal had been taken. Apparently, the appellee there amended the abstract for the purposes of the merits, and assumed throughout the proceeding that an appeal had been taken. Moreover, the appellant's abstract did allege ''that an appeal had been perfected.'' With that situation confronting the appellee (in the *Roundy* case), he could not say that the appellant's declaration was not correct in reference to the appeal's having been taken. Here, in the case at bar, the appellant's abstract and appellee's amendment show the preliminary order appealed from, together with the waiver thereof. Thus, no question is presented concerning the sufficiency of the abstract to reveal the true condition in reference to the appeal. Therefore, the present controversy is not controlled by the facts and circumstances of the *Roundy* case. Waiver in that case related to appellee's right to demand a full, rather than an abridged, abstract regarding the appeal; while the present dispute relates, not to the sufficiency of the record, but to the legality of the appeal under facts which are clear and undenied. Obviously, a relinquishment can be made of the right to demand a complete record after an insufficient one has been accepted and ratified as full. Yet

that does not give rise to the doctrine that a waiver can, under these circumstances, confer jurisdiction upon this court where none, in fact, exists.

So, too, *Heinz v. Roberts*, supra, is not authority for appellant's contention. There was a notice of appeal, giving the appellee's name as John R. Roberts, rather than John S. Roberts. Otherwise, the notice was in due form. Prejudice did not arise (in the *Heinz* case) because of the error, for the appellee duly appeared, amended the abstract, and filed argument. This court, therefore, had jurisdiction.

Neither the *Heinz* nor the *Roundy* case has any application to the case at bar. Defective notice or insufficient record is not here involved. On the contrary, the notice of appeal in the record was full and complete, and set forth exactly the ruling from which appellant appeals, as well as the waiver thereof. Wherefore, the appeal must be, and hereby is, dismissed.—*Appeal dismissed.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.