WILLIAM O. RANSOM, Appellee, v. MARY T. MELLOR et al., Appellants.

No. 41958.

MAY 15, 1933.

Seerley, Clark & Hale, and Ben P. Poor, for appellants.

Mark A. Walsh, and James W. Bollinger, for appellees.

ALBERT, J.—On the 11th day of August, 1931, plaintiff filed his petition in this proceeding. The contents thereof are not material to the questions involved herein. On the same date an affidavit of nonresidence of certain parties-defendant was filed, and notice pub-

lished as provided. by law. This notice was assaulted by the special appearance on the ground that the same was insufficient to give jurisdiction. . The part of the notice involved. is as follows:

"You are also notified that unless you appear thereto and defend before noon of the second day of the September term of said District Court of Des Moines County, Iowa, to be held on the 15th · day of September, 1931, a default will be entered against you, and judgment and decree rendered thereon."

This special appearance was accompanied by a motion to dismiss the case as to the parties who joined in such special appearance. This notice advised the parties to appear at the September, 1931, term of court.

Another original notice was served and published in December, 1931, notifying the defendants that "unless you appear thereto and defend on or before noon of the second day of next term of district court to be held in Burlington in said Des Moines County, Iowa, commencing on January 4, 1932, default will· be entered against you and judgment and decree rendered thereon."

The special appearance and motion as before filed were renewed as against this second service of original notice insisting that the same did not give the court jurisdiction. Subsequently the matter came on for hearing before the court, and on July 25, 1932, a motion to dismiss was overruled as was the special appearance, and the parties making the motion and the special appearance elected to stand thereon and appealed.

At this point the assault made on both of the original notices was that they were insufficient to comply with the requirements of the statute in that they did not, among other things, designate the place in the city of Burlington where court was to be held as is claimed to be required by section 11055, Code 1931. By reason of the matters hereinafter referred to, it is unnecessary for us to pass on this question.

 The appellee has filed a motion in this court to dismiss the proceedings because the question is now moot. There is a showing before this court by certified record that after the case was appealed, the appellee again caused notice to be served as to some parties by publication, and as to others by personal service, and the notices thus· served are certified to this court. We have inspected this latter notice and compared the same with the requirements of

the statute and find it is sufficient in all respects to comply therewith. The part involved reads as follows:

"Unless you appear thereto and defend on or before noon of the second day of the November term, 1932, of said district court which will convene and be held in the Court House at Burlington in said Des Moines County, Iowa, commencing on November 9, 1932, default will be entered", ·etc.

This being the record in the case it necessarily follows that the decision of the question first suggested in the opinion would be wholly useless and accomplish no purpose whatever as it is moot in the full sense of the word.

We have repeatedly held that where a decision of the vital questions involved in an appeal could have no effect on the further proceedings of the lower court, the question thus becomes moot, and we have uniformly dismissed such appeals. Upton v. Gephart, 205 Iowa 235, 217 N. W. 630; McGrath v. District Court of Adams County, 205 Iowa 191, 217 N. W. 823; Manning v. Heath, 206 Iowa 952, 221 N. Y. S. 560; Welton v. Iowa State Highway Commission, 208 Iowa 1401, 227 N. W. 332; Iowa National Bank v. Raffensberger, 208 Iowa 1133, 224 N. W. 505; Fish v. City of Sioux City, 210 Iowa 862, 232 N. W. 118; Saner v. School Board Consolidated District of Keokuk County, 211 Iowa 1201, 235 N. W. 291.

The plaintiff, by the last notice which is found to be in due form and in compliance with the statute, gives the lower court jurisdiction, and a decision by this court on the questions here involved could in no way affect or disturb the jurisdiction thus acquired by this last notice.—Appeal dismissed.

KINDIG, C. J., and EVANS, DONEGAN, CLAUSSEN, STEVENS, ANDERSON, and MITCHELL, JJ., concur.