ERNEST JOHNSTON et al., Appellees, v. KIRKVILLE INDEPENDENT SCHOOL DISTRICT et al., Appellants.

No. 47488.

(Reported in 39 N.W. 2d 287)

OCTOBER 18, 1949.

Bailey C. Webber, of Ottumwa, for appellants.

Life & Davis, of Oskaloosa, for appellees.

GARFIELD, J.—█ In August 1948, plaintiffs, taxpayers in defendant-school district, brought this suit to enjoin the district from paying more than $23 per pupil per year for transporting pupils in the district to the Ottumwa high school. The facts are not in dispute. Plaintiffs' motion for judgment on the pleadings was sustained and decree of injunction entered (in February 1949) as prayed. The district and its officers have appealed.

Plaintiffs' right to injunction, as claimed and decreed, was based upon the provision of section 285.5, Code of 1946, purporting to limit the cost of such transportation to $23 per pupil per year. Defendants contended this section provided only a limitation upon the amount the state may reimburse the district for such transportation expense and not upon the amount to be expended by the district therefor. The sole question presented to the trial court and to us, in the briefs, is the construction of this statute.

During the pendency of the appeal section 285.5 was repealed and a substitute enacted therefor by section 4, chapter 116, Acts of Fifty-third General Assembly, which contains no such restriction as found in 285.5 upon the amount to be expended for transportation. It was conceded in argument that defendants obeyed the injunction until the law passed by the Fifty-third General Assembly took effect. It seems further to be conceded that this change in the law has in effect worked a dissolution of the injunction or in any event that defendants are no longer bound thereby.

Under these circumstances we feel this case, involving the construction of the repealed section 285.5, presents nothing but a moot or academic question. It is unnecessary for us to construe this statute. If we were to do so in accord with defendants' contention it would not benefit them. The Fifty-third General Assembly has in effect done as much for defendants as we could do by a reversal, except for the allowance of costs.

█ We have repeatedly refused to decide a case merely to settle who shall pay the costs. Manning v. Heath, 206 Iowa 952,

955, 956, 221 N.W. 560, and citations; Welton v. Iowa State Highway Comm., 208 Iowa 1401, 1404, 227 N.W. 332; Fish v. Sioux City, 210 Iowa 862, 232 N.W. 118. See also 4 C. J. S., Appeal and Error, section 1354a, page 1950.

These authorities in addition to those just cited, at least on principle, tend to support our conclusion the case is moot: Hatz v. Board of Supervisors, 173 Iowa 366, 155 N.W. 823; Hampton v. McKeehan, 187 Iowa 1141, 175 N.W. 5; Saner v. School Board Consol. Sch. Dist., 211 Iowa 1201, 235 N.W. 291; Ransom v. Mellor, 216 Iowa 197, 248 N.W. 361; Van Heukelom v. Black Hawk Hotels Corp., 222 Iowa 1033, 1041, 270 N.W. 16. See also 3 Am. Jur., Appeal and Error, sections 733, 734.

Perhaps we should add that if, as seems unlikely, plaintiffs should attempt to enforce the injunction notwithstanding the change in the applicable law by the Fifty-third General Assembly, the trial court might and should dissolve the injunction. See Santa Rita Oil Co. v. State Board of Equalization, 112 Mont. 359, 116 P. 2d 1012, 136 A. L. R. 757, and annotation 765; Ladner v. Siegel, 298 Pa. 487, 148 A. 699, 68 A. L. R. 1172, and annotation 1180; Hodges v. Snyder, 45 S. D. 149, 186 N.W. 867, 25 A. L. R. 1128, affirmed 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819; 28 Am. Jur., Injunctions, section 323; 43 C. J. S., Injunctions, section 242, page 983. Apparently defendants have not deemed it necessary to ask the trial court to dissolve the injunction.—Appeal dismissed.

All JUSTICES concur.