185 So.2d 123

Bernard REYNOLDS, Judge of Probate,

v.

STATE of Alabama ex rel. George C. WALLACE, Governor.

2 Div. 483.

Supreme Court of Alabama.

April 7, 1966.

**332**

T. G. Gayle, Selma, for appellant.

Frank J. Mizell, Jr., Montgomery, for appellee.

PER CURIAM.

The State of Alabama applied to the Circuit Court of Dallas County for an injunction restraining the Judge of the Probate Court of Dallas County from placing on the list of qualified voters of that county the names of persons submitted to the Judge of Probate by federal voting examiners. The examiners had been appointed and were acting under the act of Congress known as the Voting Rights Act of 1965, Public Law 89–110, 79 Stat. 437. In the bill of complaint, the State alleges that:

> " * * * Under the provisions of the so-called Voting Rights Act of 1965 (Public Law 89–110) the appropriate state or local election official is required to place the names of those persons certified by the federal examiners on the official voting list. The respondent Judge of Probate in this cause has been requested to place the names certified to him by the federal examiners on the official voting list."

The State contends that the Voting Rights Act of 1965 is invalid and void because it violates and is in conflict with the Constitution of the United States; that because said act is void and of no effect, the respondent is not authorized to place on the list of qualified voters the names submitted to the respondent by the federal examiners; and that because the respondent is not lawfully authorized to place such names on the voting list of Dallas County, the State is entitled to an injunction to restrain such action by the respondent.

The circuit court found the Voting Rights Act of 1965 to be unconstitutional and made permanent a temporary injunction which had been issued in accordance with the prayer of complainant's bill of complaint. The respondent has appealed from the decree making the injunction permanent.

By the injunction the Judge of Probate is enjoined from: (a) Placing the names of persons submitted by federal examiners under the Voting Rights Act of 1965 on any official voting list, (b) Publishing any list of qualified electors which contains the names of such persons, and (c) Issuing any certificate to any election official that any

such person has the qualifications to vote under the laws of this state.

■ We agree with the trial court and think he is eminently correct in holding that the Voting Rights Act of 1965 is in conflict with the Constitution of the United States and is void, but our opinion is of no effect in the face of a subsequent decision of the Supreme Court of the United States. That court has said "As against the reserved powers of the States, Congress may use any rational means to effectuate the constitutional prohibition of racial discrimination in voting." South Carolina v. Katzenbach, 86 S.Ct. 803, March 7, 1966.

As to federal examiners the court said also:

"The Act authorizes the appointment of federal examiners to list qualified applicants who are thereafter entitled to vote, subject to an expeditious challenge procedure. This was clearly an appropriate response to the problem, closely related to remedies authorized in prior cases. See [State of] Alabama v. United States, supra (371 U.S. 37, 83 S.Ct. 145, 9 L.Ed.2d 112); United States v. Thomas, 362 U.S. 58, 80 S.Ct. 612, 4 L.Ed.2d 535. * * *". South Carolina v. Katzenbach, supra.

As we understand the decision, the court holds constitutional the provisions of the federal act providing for federal examiners. The injunction here is issued on the premise that the federal examiner provisions are unconstitutional and void. The Supreme Court of the United States holds to the contrary. The premise on which the injunction was issued is thus destroyed by the federal court.

■ To uphold the injunction in the face of the federal decision is to confront the Judge of Probate with the dilemma of choosing between punishment for contempt of the state court's decree if he violates the injunction by placing the forbidden names on the list of voters, or of being subjected to the full force of the federal power if he violates the Voting Act by not placing the names on the voting list. We do not think the law requires that the Judge of Probate be faced with that choice.

However much we disagree with the decisions of the Supreme Court of the United States, as we do disagree in this case, this court is bound by those decisions and has not the power to disregard them. Accordingly, we are compelled to decide that the injunction in the instant case is due to be dissolved.

The respondent took this appeal from the decree of the trial court, but it is apparent from the brief that he was not anxious to have that decree disturbed in that he, as do the members of this court, entertains the view that the decree of the trial court correctly states the law. The respondent, no doubt, felt compelled to perfect the appeal in order that he could be finally advised as to the proper method of conducting the forthcoming elections.

Reversed and remanded.

All the Justices concur.