The State of Alabama sought and received a permanent injunction to abate an alleged gaming nuisance under the provisions of Code 1975, § 13-7-90, viz.:
 All places maintained or resorted to for the purpose of gaming and all places where gaming tables or other gaming devices are kept for the purpose of permitting persons to game thereon or therewith are declared to be common nuisances and may be abated by writ of injunction issued out of a court upon a complaint filed in the name of the state by the attorney general or any district attorney whose duty requires him to prosecute criminal cases in behalf of the state in the county wherein the nuisance is maintained, . . . .
The State alleged that the conducting of bingo games by defendants constituted "gaming" within the purview of the statute. Defendant Gateway Malls, Inc., is the owner of the property on which the bingo games were played. The other defendants are the alleged operators of the games.
Defendants raised a defense of discriminatory enforcement, claiming other bingo operations and additional gambling activities were taking place with impunity in Jefferson County and throughout the state. They also filed counterclaims to enjoin the state from an alleged discriminatory enforcement *Page 88 
of Code 1975, § 13-7-90. These were denied in the trial court's decree granting the state a permanent injunction.
Appealing the injunction order, defendants raise several issues, primarily a contention of selective enforcement of Code 1975, § 13-7-90, in violation of equal protection under the law. However, we find it unnecessary to address these issues, as the decree of permanent injunction is due to be dissolved as a result of the repealing of the Code section on which it is premised.
Code 1975, § 13-7-90, was expressly repealed by the Alabama Legislature in its enactment of Title 13A of the Code, Alabama's new criminal code. It was not a clerical error as appellees contend. The legislative act which enacts Title 13A contains a list of laws repealed by the legislature. Act No. 607, § 9901 (1977 Regular Session). This list specifically designates Code 1940, tit. 14, § 293 [current version at Code 1975, § 13-7-90] as a repealed statute. In addition, a table of repealed sections in an appendix to Title 13A specifically includes Code 1975, § 13-7-90. Appellees' reliance on Lewis v.Hitt, 370 So.2d 1369 (Ala. 1979), is misplaced. That case involved an assertion of an implied repeal of a portion of a statute as opposed to the express repeal involved here.
What effect does this express repeal of Code 1975, § 13-7-90, have on the permanent injunction decreed below? The effective date of Title 13A was January 1, 1980. Code 1975, § 13A-1-11. The proceedings below reached final judgment on July 24, 1979, prior to this effective date.
It is the general rule in Alabama that statutes are considered prospective unless their language shows that they were intended to be retrospective. Baker v. Baxley,348 So.2d 468 (Ala. 1977). In Saad v. Cline, 51 Ala. App. 668, 670,288 So.2d 731 (1974), the Court of Civil Appeals said:
 There can be no question that the effect of the repeal of a statute or part thereof is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed. [Emphasis added.]
Thus, a case which is tried and decided prior to the effective date of a code which repeals a former section on which that case relied is not affected by the repeal. Payne v. City ofBirmingham, 30 Ala. App. 559, 10 So.2d 36 (1942).
However, unlike the "proceedings past and closed" referred to in Saad, the injunction is a continuing order over which a court, sitting in equity, maintains jurisdiction for the life of the decree. This Court recognized this peculiar nature of the injunction decree in Ex Parte Myers, 246 Ala. 460,21 So.2d 113 (1945). There, this Court quoted, with approval, the California case, Sontag Chain Stores Co. v. Superior Court,18 Cal.2d 92, 113 P.2d 689, 690 (1941), stating:
 [T]he decree, although purporting on its face to be permanent, is in essence of an executory or continuing nature, creating no right but merely assuming to protect a right from unlawful and injurious interference. Such a decree, it has uniformly been held, is always subject, upon proper showing, to modification or dissolution by the court which rendered it. The court's power in this respect is an inherent one.
246 Ala. at 463, 21 So.2d 113.
Thus, the life of the injunction, by its very nature, is subject to pertinent events that occur subsequent to the decree. In the words of the Myers Court, "The injunction relates to matters of future continuous operation."246 Ala. at 464, 21 So.2d 113.
By this same reasoning, the saving clauses cited by appellees, Code 1975, §§ 13A-1-8 and -9, are inapplicable. They claim these clauses preserve their right to the injunction order. Such clauses are generally provided to continue in force a repealed law as to existing rights and pending actions. 1A J. Sutherland, Statutes and Statutory Construction, § 23.39 (4th ed. 1972). However, because of the inherent vulnerability of injunctions to changed circumstances, including changes in law, injunctions do not come within the purview of saving clauses. *Page 89 
The rule allowing the modification or dissolution of injunctions is recognized in most jurisdictions, viz.:
 Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. Such change in the law does not deprive the complainant of any vested right in the injunction, because no such vested right exists.
42 Am.Jur.2d, Injunctions, § 334 (1969) (emphasis added) (footnotes omitted).
We have recognized in Alabama that a change in law subsequent to an injunction decree and pending appeal may work a dissolution of the decree. Reynolds v. State, 279 Ala. 331,185 So.2d 123 (1966). In Reynolds, the circuit court issued an injunction based on a finding that the Voting Rights Act of 1965 was unconstitutional. The order restrained a Judge of Probate from fulfilling the requirements of this Act. Pending appeal, the United States Supreme Court held the Act constitutional. Finding itself compelled to find the injunction dissolved, the Reynolds Court reasoned:
 The injunction here is issued on the premise that the federal examiner provisions are unconstitutional and void. The Supreme Court of the United States holds to the contrary. The premise on which the injunction was issued is thus destroyed by the federal court.
279 Ala. at 333, 185 So.2d 123 (emphasis added).
Although Alabama has not addressed a change in law worked bylegislative action in this context, other jurisdictions have found that an injunction based on a statute later repealed or changed to be subject to modification or dissolution. See cases collected in Annot. 136 A.L.R. 765 (1942).
The United States Supreme Court had an opportunity to address this question in System Federation No. 91, Railway Employes'Department, AFL-CIO v. Wright, 364 U.S. 642, 81 S.Ct. 368,5 L.Ed.2d 349 (1960). The District Court had enjoined a railroad and some unions from discriminating against nonunion employees. Subsequently, the Railway Labor Act was amended to permit, under certain circumstances, a union shop. The Supreme Court held that the unions were entitled to a modification of the injunction decree, reasoning:
 The source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief. . . . [T]he court cannot be required to disregard significant changes in law or facts if it is "satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong."
364 U.S. at 648, 81 S.Ct. at 371.
An Iowa case considers a situation similar to the case at bar. Johnston v. Kirkville Independent School Dist., 240 Iowa 1328, 39 N.W.2d 287 (1949). There, taxpayers successfully enjoined the local school district from exceeding the expenditure limits for student transportation set by statute. Pending an appeal of the injunction, the pertinent statute was repealed. The plaintiffs' right to injunction was claimed on the basis of the repealed statute; the decree of injunction also relied on the statute. Finding the question involved to have become moot, the court stated: "It seems further to be conceded that this change in the law has in effect worked a dissolution of the injunction or in any event that defendants are no longer bound thereby." 240 Iowa at 1329,39 N.W.2d at 287. The court added that, should the plaintiffs attempt to enforce the injunction notwithstanding the change in the applicable law, the trial court might and should dissolve the injunction.
Appellees contend that the repeal of Code 1975, § 13-7-90, works merely a procedural change in the law and is thus not due the consideration given in the cases *Page 90 
discussed above. We disagree. The repealed section declares as a matter of law that gambling places are a common nuisance. This Court recognized this in State v. Guardian Realty Co.,237 Ala. 201, 186 So. 168 (1939). After quoting Code 1923, § 4281 [current version at Code 1975, § 13-7-90], this Court stated: When the owner's premises are put to the illegal use of a gambling resort, such premises, eo instante, become a public nuisance, and the nuisance may be abated by bill in equity."237 Ala. at 205, 186 So. 168. This Court went on to say that the owner's lack of knowledge of the illegal use of his property had no bearing on his liability as the statute set no such requirement. In that case, as well as the instant one, the statute was the basis of the claim and controlled the proceeding.
The complaint in the instant case relies solely on the repealed statute for its cause of action. Likewise, the final decree of permanent injunction relies solely on Code 1975, § 13-7-90, for its finding of a nuisance. There are no independent claims or findings of a nuisance; remove the statute and the decree of injunction has no grounds for support. As in Reynolds v. State, the premise on which the injunction was issued has been destroyed.
Appellees also argue that even if Code 1975, § 13-7-90, was repealed, the court below still had authority to issue the decree, citing Try-Me Bottling. Co. v. State, 235 Ala. 207,178 So. 231 (1938). We agree that a court of equity may have the authority to enjoin a nuisance, even if it also constitutes a crime, in some circumstances.
 Our decisions recognize the general rule that courts of equity have no jurisdiction to enjoin the commission of offenses against the criminal laws of the State. Pike County Dispensary v. Mayor, etc., Brundidge, 130 Ala. 193, 30 So. 451.
 On the other hand, if the facts presented disclose the need of equity intervention for the protection of rights cognizable by equity, then injunctive relief may be granted, though as an incident thereto the writ may also restrain the commission of a crime.
Try-Me Bottling Co., 235 Ala. at 210, 178 So. 231 (Emphasis added).
However, that authority has not been established in the instant case. For instance, there are no findings here, as made inTry-Me, that the mere prosecution for a misdemeanor would not give complete relief. The Try-Me court was also concerned with the detrimental effect of the lottery scheme on children. Children were found to be rooting about in trash piles to find bottle caps with lucky numbers. Any such findings in the instant case were pretermitted by complete reliance on Code 1975, § 13-7-90, to establish an enjoinable nuisance.
To hold appellants to a continuing order enjoining their bingo activities in light of the clear removal of the sole basis of that order, would turn the decree into "an instrument of wrong." System Federation No. 91. The repeal of Code 1975, § 13-7-90, leaves the order with no leg on which to stand. This is indeed a substantial change in circumstances justifying a dissolution of the order.
The learned trial judge has not had an opportunity to address the issue of statutory repeal because jurisdiction of this cause has been vested in this Court. Due to the unusual posture of this case, we have nevertheless addressed this issue because to do otherwise would only further delay the parties and waste judicial time. We think it proper under the circumstances to express our views and remand the cause so that the trial judge may dissolve the injunction.
We further note that, pending this appeal, bingo was legalized with some reservations in Jefferson County by Amendment 386 to the Constitution of Alabama, adopted by the electorate of this State on September 2, 1980. The amendment contains several criteria to be met by would-be bingo operators, such as the value of prizes awarded and the age of participants, before the operation is considered legal. Although the instant injunction order is due to be dissolved for the reasons previously discussed, we do not doubt that the parties *Page 91 
will wish to pursue below the propriety of the appellants' bingo operation under the new criteria set out in Amendment 386.
REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, FAULKNER and EMBRY, JJ., concur.