This is an appeal from a preliminary injunction.
On May 22, 1989, the State Board of Health (Board) issued order No. RH-89-2 compelling the cleanup of a well site which, during a drilling operation in search of methane gas, became contaminated by a radioactive source employed in the procedure. This order was issued against several parties, each of which participated in some manner in either the drilling of the well or the attempted retrieval of the radioactive source which became lodged in the well during the operation. Two of those parties, BPB Instruments (BPB), as amicus curiae, and Petroleum Equipment Tool Company (PETCO), as well as the Board, filed briefs with this court. We will address the issues only as they pertain to these parties.
Pursuant to § 22-14-4, Ala. Code 1975 (1984 Repl.Vol.), the Board, acting as the state radiation control agency, granted a license to BPB to utilize a radioactive material in its drilling operation. Upon contamination of the site, the Board issued an order compelling all parties to that operation, including PETCO, to devise and implement a plan for the immediate cleanup of the site. It is important to note that no party subject to the injunction appealed the Board's initial order. In compliance with that order, only BPB and McKenzie, another named defendant, cooperated in the cleanup effort. As a result, BPB communicated to the Board its intent to discontinue its efforts in light of the failure of the other parties to comply with the Board's order. The Board then sought, and was granted, the injunction which is the basis of this appeal.
The preliminary injunction specifically ordered BPB to perform, or have performed, the cleanup and ordered PETCO to post a bond in the amount of $500,000 in order to ensure the satisfactory cleanup of the contaminated site. The order stated that the posting of such bond would have the effect of relieving PETCO from any further cleanup obligation and also provide a fund for the possible reimbursement of the cost of such cleanup. Furthermore, the bond was ordered to remain in effect for a period of one year, but was left open for modification *Page 330 
as to both time and amount upon application by any of the parties.
PETCO appeals. We affirm.
PETCO first contends that the trial court improperly granted the Board's request for a preliminary injunction. Particularly, it argues that the requirement that it post bond in the amount of $500,000 was a measure whose benefit inured to another party, BPB, who was also subject to the injunction. It argues that this order, in effect, granted relief never sought by the Board. PETCO also asserts that BPB is solely responsible for the cleanup of the site and that, as a result, PETCO is not a proper party to this injunction. With all of the above contentions, we disagree.
Initially, we note that the grant of a preliminary injunction is an extraordinary remedy, and a trial court's decision to grant such a measure will not be disturbed on appeal absent an abuse of discretion. Howell Pipeline Co. v. Terra Resources,Inc., 454 So.2d 1353 (Ala. 1984). Moreover, in assessing a party's request for a preliminary injunction, a trial court must utilize a three-pronged test. Double C. Productions, Inc.v. Exposition Enterprises, 404 So.2d 52 (Ala. 1981). First, the trial court must determine whether a party has presented a fair question as to the existence of a right to be protected. Second, the injunction must be necessary to prevent an irreparable injury. Last, the injury threatened must be both imminent and irreparable in a court of law.
In applying this test to the injunction granted in the present action, we conclude that the trial court did not abuse its discretion. Section 22-14-12, Ala. Code 1975 (1984 Repl.Vol.), clearly provides that the Board possessed the authority to petition the trial court to enjoin PETCO's violation of the Board's order. It provides:
 "Whenever, in the judgment of the agency, any person has engaged in, or is about to engage in, any acts or practices which constitute, or will constitute, a violation of any provision of this article, or any rule, regulation or order issued thereunder, and at the request of the agency, the attorney general, or the district attorney under his direction, may make application to the circuit court for an order enjoining such acts or practices or for an order directing compliance, and upon a showing by the agency that such person has engaged, or is about to engage, in any such acts or practices, a permanent or preliminary injunction, temporary restraining order or other order may be granted."
Thus, the Board clearly satisfied the requirement that it demonstrate the existence of its right to have its order enforced by the issuance of a mandatory preliminary injunction.
There also was no doubt as to the threat of irreparable injury presented by the radioactive contamination of the well site, thus necessitating the Board's order which, as we have stated, was not appealed by any of the parties subject to it, including PETCO. Much of PETCO's brief and reply is dedicated to the argument that BPB did not demonstrate the threat of irreparable harm to it if the injunction sought had not issued. This analysis, however, is misguided due to the fact that the injunction was sought not by BPB, a party subject to it, but by the state Board which, as we have stated, did in fact demonstrate the threat of irreparable harm if the immediate cleanup of the well site did not occur. Clearly, monetary damages would be inadequate to compensate the Board, acting as the state's agent, for any harm that might befall the state and its citizens as a result of contamination.
Furthermore, we cannot hold that the method by which the trial court fashioned the injunctive relief constituted an abuse of its discretion to grant such measures. As demonstrated by BPB's refusal to continue the cleanup operation, the Board's order was not being complied with. Additionally, requiring all of the parties to conduct the actual cleanup was rendered infeasible by the earlier witnessed lack of cooperation between the parties. This was further complicated by the fact that several of the defendants had filed cross-claims against each other. *Page 331 
Finally, PETCO asserts that the case of Chunchula EnergyCorp. v. Ciba-Geigy Corp., 503 So.2d 1211 (Ala. 1987), is dispositive of this appeal. There the supreme court vacated a preliminary injunction on the grounds that no immediate and irreparable harm was demonstrated. Again, PETCO asserts that BPB was obligated to make such a showing. But as we have stated, the Board, as the party seeking the injunction, bore and met this burden.
Consequently, PETCO's argument that the benefit received from the trial court's injunction inured to BPB, and not to the Board, fails. The Board's immediate concern was the speedy decontamination of the well site, which was effected only as a result of the injunction. In light of the pending litigation among the defendants regarding the issue of fault for contaminating the site, and especially because of their past failure in complying with the order of the Board, we do not find that the means by which the trial court fashioned its injunction constituted an abuse of discretion.
PETCO next asserts that, since the completion of the cleanup has now occurred, the injunction should be vacated. We are inclined to agree. Furthermore, the Board apparently agrees, as evidenced by a statement in its brief that its interest in having the contamination cleaned up is now moot due to the fact that the cleanup is now complete. We note once again, however, that the very language of the injunction provides that it is modifiable as to both duration and amount by petition of any party. We find nothing in the record to indicate that PETCO has filed such a request. Consequently, since the injunction was originally a proper exercise of the trial court's discretion, we find that PETCO has failed to exhaust its remedies in the trial court and is instead asking this court to place the court below in error for failing to do something which it has not been requested to do. Thus, although we find merit in PETCO's argument that the injunction is due to be vacated, we find that the making of such a request to this court is premature.
This case is due to be affirmed. AFFIRMED.
ROBERTSON, J., concurs.
INGRAM, P.J., concurs in the result only.