ROBERT BRADLEY, Retired Appellate Judge.
This case involves the denial of a motion to dissolve a preliminary injunction.
In early 1989 McKenzie Methane Corporation was leased certain lands to begin drilling for methane gas. BPB Industries (“BPB”) was hired to “log” the well to be drilled; that is, to determine information regarding the types and characteristics of underground formations by lowering a sealed radioactive container into the well on a wire line. The container became lodged in the well during the course of the logging procedure.
BPB hired Petroleum Equipment Tools Company (PETCO) to retrieve the container. During PETCO’s attempted retrieval, radiation was detected at the surface of the well site, indicating that the radioactive source material was leaking.
On May 22, 1989 the Alabama State Board of Health issued an order requiring all the parties which had participated in the logging or attempted retrieval of the lodged radioactive source to devise and implement a plan for the immediate cleanup of the contaminated site. Pursuant to that order, BPB and another party began a cleanup operation, with which none of the other named parties cooperated. Soon thereafter, BPB notified the Board that the cleanup effort had been halted, pending clarification from the Board as to which of the involved parties would be liable for the costs of the decontamination.
The Board thereafter filed suit in the Shelby County Circuit Court, seeking an injunction for the .enforcement of the Board’s order against all the named parties. Subsequently, various cross-claims and counterclaims were filed by a number of the parties against each other in order to determine liability for the contamination and to obtain indemnification for the costs of the cleanup.
On August 25, 1989 the court granted a preliminary injunction to the Board, ordering BPB to continue performing the actual decontamination of the site. PETCO was ordered to post a bond of $500,000 “for the satisfactory completion of the aforesaid eleaning-up, removal and disposition and also for the possible reimbursement of the costs of said cleaning-up.” Pursuant to the order, BPB resumed its cleanup efforts.
On August 31, 1989 PETCO filed a motion requesting a stay of the preliminary injunction and reconsideration of the circuit court’s order. The trial court denied PET- *589 CO’s request. On September 8, 1989 the court issued an amended order to allow PETCO to post a letter of security for $500,000 in lieu of a bond. The order stated that PETCO’s letter of security would remain in effect for one year, with the court retaining jurisdiction to extend the duration and/or amount of the security.
On September 8, 1989 PETCO appealed to the Alabama Supreme Court from both the granting of the preliminary injunction and from the amended order. BPB, appearing as amicus curiae, moved to transfer the appeal to this court, and that motion was granted. This court on April 11, 1990 held that the appeal was premature because PETCO had not first petitioned the circuit court to dissolve the injunction. Petroleum Equipment Tool Co. v. State Board of Health, 567 So.2d 328 (Ala.Civ.App.1990).
On March 20, while its appeal to this court was pending, PETCO filed a motion in circuit court to modify or dissolve the preliminary injunction. The motion was denied on August 21, 1990 and PETCO filed an appeal with this court. On September 7, 1990, on the motion of BPB, the circuit court entered an order extending the preliminary injunction. PETCO then appealed from that extension. This court on October 3, 1990 consolidated both of PETCO’s appeals. BPB again appears as amicus curiae.
We begin by noting that the decision to enter, apply, modify, extend, or dissolve an injunction rests within the wide discretion of the circuit court. Harkness v. Scottsboro Newspapers, Inc., 529 So.2d 1000 (Ala.1988). Where a circuit court has entered an order granting a preliminary injunction, the court’s decision will not be disturbed on appeal absent a gross abuse of discretion. Howell Pipeline Co. v. Terra Resources, Inc., 454 So.2d 1353 (Ala.1984). However, where the grounds and reasons for which an injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed circumstances or to set it aside altogether where there is a change in the controlling facts on which the injunction rests. Wilkinson v. State, 396 So.2d 86 (Ala.1981).
PETCO first argues that there is a change in circumstances which mandates the granting of its motion to modify or dissolve the preliminary injunction. PET-CO points out that the State Board of Health originally petitioned the trial court for an injunction for the sole purpose of effecting an immediate cleanup of the site. In light of the successful decontamination, PETCO argues, the grounds on which the injunction was granted no longer exist.
The Board originally sought the injunction pursuant to §§ 22-14-11 and -12, Code 1975, which provide in pertinent part:
“Whenever the agency finds that an emergency exists requiring immediate action to protect the public health and safety, the agency may, without notice or hearing, issue a regulation or order reciting the existence of such emergency and requiring that such action be taken as is necessary to meet the emergency.”
§ 22-14-11, Code 1975 (emphasis added).
“Whenever, in the judgment of the agency, any person has engaged in, or is about to engage in ... a violation of this article, or any rule, regulation or order issued thereunder ... at the request of the agency, the attorney general, or the district attorney under his direction may make application to the circuit court for an order enjoining such acts or practices....”
§ 22-12-12, Code 1975.
The record shows that the Board issued its original order against the named defendants to compel the immediate decontamination of the well site. When all of the parties except BPB ignored this order, the Board sought injunctive relief to force their compliance. The Board did so in response to an emergency situation and solely for the protection of the public health and safety, as authorized by the statute.
By requiring a $500,000 letter of security, the trial court insured PETCO’s participation in the decontamination effort, as requested by the Board. However, the trial court then went beyond the Board’s stat *590 utory purpose by requiring that the letters of security remain “in existence by those defendants not compelled to clean up until a complete resolution of this cause” was effected; that is, until the extent of each party’s liability for the contamination could be determined. In filing its claim, the Board did not seek to establish the extent of each party’s individual liability. Indeed, nothing in the statutes authorizes it to do so. Rather, the Board invoked the power of equity solely to enforce its original order against all the parties.
We note that a preliminary injunction acts to preserve the status quo of the affected parties until the merits of a claim can be adjudicated. Churchill v. Board of Trustees, 409 So.2d 1382 (Ala.1982). Here, the merits of the Board’s claim related only to the immediate cleanup of the site. The trial court properly maintained the status quo of the parties during the cleanup operation by requiring a security bond from those parties not actively conducting the physical work. Also, this provided the court with the financial means to continue the site cleanup activity should BPB, for some unforeseen reason, be unable to complete the cleanup of the contaminated site. Now, however, the decontamination of the site is complete and the statutory goal of the injunction has been met. The only remaining issue is the apportionment of each party’s liability, which was not an element of the Board’s claim for injunctive relief. Moreover, with the pending counterclaims and cross-claims between the parties, there are adequate legal remedies available by which BPB may establish PETCO’s liability and seek reimbursement for its expenses. Injunctive relief is thus no longer necessary. Teleprompter v. Bayou Cable TV, 428 So.2d 17 (Ala.1983).
We find that the Board’s claim for in-junctive relief was brought to alleviate an emergency situation which no longer exists. Accordingly, we hold that the injunction issued by the trial court has fulfilled its statutory purpose and should now be dissolved. The judgment of the trial court is reversed and the cause remanded for entry of an order in accordance with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ„ concur.
INGRAM, P.J., not sitting.